OPINION
Defendant-appellant David Park appeals his conviction from the Licking County Court of Common Pleas on one count of illegal use of a minor in nudity-oriented material or performance in violation of R.C.2907.323(A)(1), a felony of the second degree. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On August 10, 2000, the Licking County Grand Jury indicted appellant on one count (Count One) of pandering sexually oriented material involving a minor in violation of 2907.322(A)(1), a felony of the second degree, one count (Count Two) of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1), a felony of the second degree, and one count (Count Three) of pandering sexually oriented material involving a minor in violation of 2907.322(A)(5), a felony of the fifth degree. At his arraignment on August 21, 2000, appellant entered a plea of not guilty to the charges contained in the indictment.
Thereafter, on October 17, 2000, appellant withdrew his former not guilty pleas and entered pleas of guilty to the pandering charges contained in Counts One and Three of the indictment and a plea of No Contest to the charge of illegal use of a minor in nudity-oriented material or performance as contained in Count Two of the indictment. At the plea hearing before the trial court, counsel for appellant stated on the record as follows:
 "In regards to Count 2, we would agree solely to the fact that Miss Parry [the victim] is under the age of 18; that she is, in fact, a ten-year-old child. We would agree to the fact that Mr. Park [appellant] took these photographs. What we would disagree with, the State of Ohio's contention that the photographs were sexually suggestive or lewd in any way."
Transcript of Plea hearing at 12.
The "photographs" referred to were eleven photographs of the victim, the daughter of appellant's friend, that were taken by appellant and admitted into evidence. At the conclusion of the plea hearing, the trial court indicated on the record that while it found appellant guilty on Counts One and Three, it would "reserve jurisdiction, take the matter under advisement on Count 2." Transcript of Plea hearing at 17.
At the request of the trial court, both parties filed briefs on the issue of whether the photographs taken by appellant were lewd or sexually suggestive. As memorialized in a Judgment Entry filed on November 8, 2000, the trial court found appellant guilty of illegal use of a minor in nudity-oriented material or performance as contained in Count Two of the indictment, stating as follows: "upon examination of the photographs, that those photos depicting the minor child in a state of nudity are found to be "lewd" and in violation of Ohio R.C. 2907.323." Subsequently, pursuant to a Judgment Entry filed on November 21, 2000, the trial court placed appellant on community control for a period of five years under specified terms and conditions. The trial court further found appellant to be a sexually oriented offender.
It is from his conviction for illegal use of a minor in nudity-oriented material or performance that appellant now prosecutes his appeal, raising the following assignment of error:
 THE STATE OF OHIO FAILED TO INTRODUCE SUFFICIENT EVIDENCE TO WARRANT A CONVICTION OF THE DEFENDANT-APPELLANT ON COUNT TWO OF THE INDICTMENT.
 I
Appellant, in his sole assignment of error, argues that his conviction for illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1) is against the sufficiency of the evidence. We disagree.
In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Jenks, supra, at paragraph two of the syllabus.
As is stated above, appellant was convicted of illegal use of a minor in nudity-oriented material or performance in violation of R.C.2907.323(A)(1), a felony of the second degree. Such section states as follows:
(A) No person shall do any of the following:
 (1) Photograph any minor who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor in a state of nudity, unless both of the following apply:
 (a) The material or performance is, or is to be, sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, clergyman, prosecutor, judge, or other person having a proper interest in the material or performance;
 (b) The minor's parents, guardian, or custodian consents in writing to the photographing of the minor, to the use of the minor in the material or performance, or to the transfer of the material and to the specific manner in which the material or performance is to be used.
Appellant, in the case sub judice, specifically contends that his conviction for illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1) was not supported by sufficient evidence since appellee did not establish that appellant utilized a minor in "nudity-oriented material". As noted by appellant in his brief, "[i]n the instant case, the resolution of this review lies in a consideration of the eleven photographs that are now part of this record. There is no dispute concerning the other elements of the offense charged."
Thus, the issue for determination is whether the photographs of the victim taken by appellant show the victim, a minor, in a state of nudity. Nudity is defined as "the showing, representation, or depiction of human male or female genitals, pubic area, or buttocks with less than a full, opaque covering, or of a female breast with less than a full, opaque covering of any portion thereof below the top of the nipple[.] * * *" R.C. 2907.01(H). For a violation of R.C. 2907.323(A)(1) to occur, there must be a lewd exhibition of nudity or a graphic focus on the genitals. State v. Young (1988), 37 Ohio St.3d 249, paragraph one of the syllabus, reversed on other grounds, Osborn v. Ohio (1990), 495 U.S. 103, and State v. Walker (1999), 134 Ohio App.3d 89. In short, lewdness is a necessary element of nudity under R.C. 2907.323(A)(1). Walker, supra.
Viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found that appellant photographed the victim, a minor, in a state of nudity, that the photographs were lewd, and that appellant, therefore, violated R.C.2907.323(A)(1).[1] One of the photographs admitted into evidence, which is marked as State's Exhibit 11, shows appellant sitting on a bed with his back against a wall and his legs spread open.[2] The victim, who is wearing white underwear and a tee shirt, is sitting with her back against appellant's chest and her legs spread open. The focus on the photograph is on the victim's genital area. Two other photographs show the victim, who is wearing black shear underwear, sleeping with a portion of her buttocks exposed. The black shear underwear appears to have been pushed aside to reveal half of the buttocks area. Four photographs show the victim lying in bed with her shirt apparently pushed aside to reveal her breast. Two photographs show the victim on her back in a tee shirt and white underwear with her legs spread open and her tee shirt pushed up around her chest. In these two photographs, the victim is lying with one leg over top of a sword which is sheathed. Moreover, in State's Exhibit 10, the victim, who is in white underwear, was photographed from behind bent over at the waist. In short, we concur with the trial court that the photographs taken by appellant constituted a lewd exhibition of nudity.
Appellant's sole assignment of error is, therefore, overruled.
Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed and appellant's July 21, 2000, request to reverse judgment is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Ashland Court of Common Pleas is affirmed and appellant's July 21, 2000, request to reverse judgment is overruled. Costs to appellant.
EDWARDS, P.J., GWIN, J. and WISE, J. concurs
[1] As is stated above, appellant does not dispute that the other elements set forth in R.C. 2907.323(A)(1) have been met.
[2] At the plea hearing, appellee indicated that the photographs were taken by appellant using a timed camera on a tripod.