**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2005**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MICHAEL W. MCCUTCHEN,

    Defendant-Appellant.

No. 04-3498

(D.C. No. 04-CR-10140-01)

(D. Kan.)

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 04-CR-10140-01)**

---

Mark T. Schoenhofer, Schoenhofer & Scott, Wichita, Kansas, for the Defendant-Appellant.

Alan G. Metzger, Assistant United States Attorney, Wichita, Kansas (Eric F. Melgren, United States Attorney, Topeka, Kansas, on the brief), for the Plaintiff-Appellee.

---

Before **BRISCOE, BALDOCK,** and **TYMKOVICH**, Circuit Judges.

---

**BRISCOE**, Circuit Judge.

Defendant Michael McCutchen pled guilty to knowingly possessing child pornography transported in interstate commerce by computer in violation of 18 U.S.C. § 2252(a)(4)(B), and was sentenced to a term of imprisonment of 120 months. McCutchen

now appeals, challenging his sentence. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

On June 3, 2004, McCutchen was indicted on one count of knowingly and intentionally receiving child pornography transported in interstate commerce by computer in violation of 18 U.S.C. § 2252(a)(2), and one count of knowingly and intentionally possessing child pornography transported in interstate commerce by computer in violation of 18 U.S.C. § 2252(a)(4)(B). On August 16, 2004, McCutchen, pursuant to a written plea agreement with the government, pled guilty to the § 2252(a)(4)(B) charge. The presentence investigation report (PSR) that was subsequently prepared noted that in 1984, McCutchen was charged in Kansas state court with two counts of indecent liberties with a child and ultimately pled guilty in 1985 to an amended count of sexual battery.[1] The PSR concluded that, based upon that prior conviction, McCutchen was subject to a mandatory minimum sentence of ten years pursuant to 18 U.S.C. § 2252(b)(2). McCutchen filed an objection to the PSR and a motion to withdraw his guilty plea. The district court, after hearing oral arguments, permitted McCutchen to withdraw his guilty plea. The district court therefore did not resolve McCutchen's objections to the PSR at that time.

---

[1] In 1984, the crime of indecent liberties with a child was considered a "class C felony" in the State of Kansas. Kan. Stat. Ann. § 21-3503(3) (1983). In contrast, the crime of sexual battery was considered a "class A misdemeanor" in the State of Kansas. Kan. Stat. Ann. § 21-3517(2).

On December 7, 2004, McCutchen again pled guilty to the § 2252(a)(4)(B) charge pursuant to a written plea agreement with the government. The plea agreement expressly permitted McCutchen to appeal should the district court adopt the PSR's conclusion that he was subject to a mandatory minimum sentence of ten years pursuant to § 2252(b)(2). Shortly thereafter, McCutchen filed a renewed objection to the PSR arguing, as he had in his first objection, that his prior Kansas state conviction for sexual battery did not subject him to an enhanced sentence under § 2252(b)(2).

On December 14, 2004, the district court conducted a sentencing hearing. At the outset of the hearing, the district court addressed McCutchen's objection to the PSR's proposed application of § 2252(b)(2). The district court noted that the Kansas criminal statute under which McCutchen pled guilty "required proof that the [sexual] battery was committed against a person of another, which is broad enough to encompass offenses involving minors and those committed against adults." App. at 100. "Because this definition was broad enough to include both an offense involving a minor and an offense involving an adult," the district court concluded it could "look beyond the elements of the offense, the statute itself to the complaint, the judgment, and the defendant's plea and any court findings in the prior case to determine whether or not th[e] offense was one relating to aggravated sexual abuse, sexual abuse or abusive sexual conduct involving a minor." Id. In doing so, the district court noted:

> [I]nsofar as the defendant's 1985 conviction is concerned, the complaint
> actually charged him with indecent liberties with a child and alleged in part

3

that the defendant fondled and had sexual intercourse with a child under the age of 16, specifically [T.R.R.], eight years of age. Although the defendant subsequently pled guilty to a charge of sexual battery, which did not require proof of the age of the victim and the complaint was amended to delete the reference to indecent liberties with a child, the state court necessarily found that the victim of the offense was [T.R.R.] and in finding the defendant guilty of sexual battery. The defendant provided a statement in the presentence investigation in that case admitting as much. Moreover, like the original case there can be no dispute that this victim was in fact a minor and the defendant does not assert otherwise. The only argument that such a finding was not required as an element of the offense. Like the [Seventh Circuit case of United States v.] Rezin, the Court finds it is uncontested or uncontrovertable that the victim in this case was a minor. The offense is, therefore, one relating to abusive sexual conduct involving a minor. * * *

Although the defendant's objection to the [PSR] has been carefully documented and with a brief, . . . the defendant's objection to the [PSR] is overruled and the Court will apply the 10-year mandatory minimum sentence in Section 2252(b)(2). I might add that according to the sentence, look first to the charging documents[] (the indictment or information) and to the judgment, read in light of the statute under which the defendant was convicted. The facts established by these documents may not be contradicted by peeking behind them to try to discover what really happened. But if those documents don't determine or deny some fact that is relevant to the enhancement, such as whether the victim was a minor, and that fact was uncontested or uncontestable, and thus does not require an evidentiary hearing to establish . . , . . . the Court can use it to decide its sentence for the current crime.

Id. at 101-03. Accordingly, the district court imposed a term of imprisonment of 120 months, the minimum required sentence under § 2252(b)(2).

## II.

On appeal, McCutchen asserts two related challenges to his sentence. First, McCutchen contends the district court erred in interpreting 18 U.S.C. § 2252(b)(2) and in turn looking beyond the elements of his prior Kansas state conviction in applying §

4

2252(b)(2). Second, McCutchen contends the district court violated his Fifth and Sixth Amendment rights by determining that the victim of his prior Kansas state conviction was a minor and in turn determining that his prior Kansas state conviction triggered an enhanced statutory minimum sentence under § 2252(b)(2). As outlined in greater detail below, we find no merit to either of these arguments.

*Did the district court err in interpreting § 2252(b)(2)?*

McCutchen contends the district court erred in concluding that his prior Kansas state conviction fell within the scope of § 2252(b)(2) and thereby mandated the imposition of a minimum ten-year sentence. Because this issue involves the interpretation of § 2252(b)(2), we apply a de novo standard of review. See United States v. Nava-Sotelo, 354 F.3d 1202, 1204 (10th Cir. 2003).

Section 2252(b)(2) establishes a statutory maximum sentence of ten years for convictions arising under § 2252(a)(4)(B). 18 U.S.C. § 2252(b)(2). If, however, the defendant "has a prior conviction under this chapter [i.e., Chapter 110, involving sexual exploitation and other abuse of children], chapter 71 [obscenity], chapter 109A [sexual abuse], or chapter 117 [transportation for illegal sexual activity and related crimes], or under section 920 of Title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," he is subject to a mandatory minimum sentence of ten years (and the maximum statutory sentence is increased from ten to

twenty years).  Id.

McCutchen, citing the Supreme Court's decision in Taylor v. United States, 495

U.S. 575 (1990), contends that in order for a prior state conviction to fall within the scope

of § 2252(b)(2), the statute under which that prior state conviction arose must have

included as an element the victim's status as a minor.  In turn, McCutchen notes that the

Kansas statute under which his 1984 conviction arose, Kan. Stat. Ann. § 21-3517, did not

include such an element.  Thus, McCutchen argues, that conviction cannot operate to

trigger the enhancement under § 2252(b)(2).

Because McCutchen's arguments rely so heavily on Taylor, we review that

decision in some detail.  At issue in Taylor was the meaning of the word "burglary" as

used in 18 U.S.C. § 924(e).  Section 924(e) provides a sentence enhancement (i.e., a

mandatory minimum sentence of fifteen years) for any defendant convicted of unlawfully

possessing a firearm who "has three previous convictions by any court . . . for a violent

felony or a serious drug offense, or both . . . ."  18 U.S.C. § 924(e). Section 924(e) in turn

defines the term "violent felony" to include "any crime punishable by imprisonment for a

term exceeding one year . . . that . . .has as an element the use, attempted use, or

threatened use of physical force against the person of another . . . or . . . is burglary . . . ."

18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added).  Reviewing the language and background

of § 924(e), the Court concluded that the provision had "always . . . embodied a

categorical approach to the designation of predicate offenses," 495 U.S. at 588, and that

"Congress intended that the enhancement provision be triggered by crimes having certain specified elements, not by crimes that happened to be labeled 'robbery' or 'burglary' by the laws of the State of conviction." Id. at 588-89. Ultimately, the Court held "that Congress meant by 'burglary' the generic sense in which the term is now used in the criminal codes of most States," id. at 598, and "that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 599.

Significantly, we have held that "Taylor did not impose the categorical approach as a universal requirement of all sentencing enhancements." United States v. Martinez-Candejas, 347 F.3d 853, 858 (10th Cir. 2003). In so holding, we have emphasized that "Taylor was an interpretation of . . . § 924(e)," id., the language of which both "explicitly and implicitly directs courts to examine the elements of a defendant's previous crimes." United States v. Mackovich, 209 F.3d 1227, 1240 (10th Cir. 2000). Thus, we have held the categorical approach inapplicable to other, differently-worded sentencing enhancement provisions. See Martinez-Candejas, 347 F.3d at 858-60 (concluding that language of U.S.S.G. § 2L1.2(b)(1)(A) did not preclude reference by a sentencing court to the underlying facts of a prior conviction); Mackovich, 209 F.3d at 1240 (concluding the language of 18 U.S.C. § 3559(c) "unmistakably requires courts to look to the specific

facts underlying the prior offense, not to the elements of the statute under which the defendant was convicted.").

Turning to the language of § 2252(b)(2), we find no basis for concluding that a sentencing court must focus exclusively on the elements of a defendant's prior state conviction in determining whether such conviction triggers application of the sentence enhancement provisions. Unlike § 924(e), § 2552(b)(2) contains no explicit reference to the elements of any crime. See United States v. Rezin, 322 F.3d 443, 448 (7th Cir. 2003) (noting "[t]here is no mention of elements in section 2252(b)(2)"). Nor is § 2252(b)(2) as narrowly worded as § 924(e) in describing the types of prior state convictions that fall within its scope. The key statutory phrase at issue in Taylor read as follows: "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary . . . ." 18 U.S.C. § 924(e) (emphasis added). In contrast, § 2252(b)(2) does not state that a prior state crime will trigger the sentence enhancement provisions if it "is" aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor. Rather, § 2252(b)(2) states that "a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" will trigger the sentence enhancement provisions. 18 U.S.C. § 2252(b)(2) (emphasis added). As the Supreme Court has indicated, the phrase "relating to" carries a "broad" "ordinary meaning," i.e., "'to stand in some relation to; to have bearing or concern; to pertain; refer; to bring into association with or connection with, . . . .'" Morales v. Trans World

8

Airlines, 504 U.S. 374, 383 (1992) (quoting Black's Law Dictionary 1158 (5th ed. 1979)).

In our view, Congress's use of that phrase in § 2252(b)(2) indicates its intent to allow a sentencing court to look beyond the mere elements of a prior state conviction in determining whether such conviction is sufficient to trigger application of the sentence enhancement provisions. See Rezin, 322 F.3d at 448 (concluding the phrase "'prior conviction . . . relating to . . . abusive sexual conduct involving a minor' is not naturally read to require that the age of the victim of the abusive sexual conduct be a statutory element.").

In addition to the fact that the plain language of § 2252(b)(2) directly rebuts the categorical approach advocated by McCutchen, we agree with the Seventh Circuit that, "[f]rom the standpoint of rational penal policy, . . . what is important is the conduct that gave rise to the prior conviction, not the elements of the offense underlying that conviction." Rezin, 322 F.3d at 448. Thus, "[i]t would be strange[] . . . if someone," like McCutchen, "whose prior conviction did involve abusive sexual conduct with a minor escaped the heavier punishment because the age of the victim was not an element of the particular offense for which he was convicted." Id.

In sum, we reject the narrow categorical approach to application of § 2252(b)(2) advocated by McCutchen. In turn, we reject McCutchen's assertion that the sentencing court, in determining whether the sentence enhancement provisions of § 2252(b)(2) were triggered in his case, was confined solely to examining the elements of the Kansas state

9

statute under which he pled guilty.[2]  Cf. Martinez-Candejas, 347 F.3d at 858-60 (reaching similar conclusion with respect to application of U.S.S.G. § 2L1.2(b)(1)(A)); Mackovich, 209 F.3d at 1238-40 (reaching similar conclusion with respect to application of 18 U.S.C. § 3559(c)).

*Did the enhancement violate McCutchen's Fifth and Sixth Amendment rights?*

In his second argument, McCutchen contends the district court engaged in improper "fact finding" in the course of determining whether, for purposes of § 2252(b)(2), his prior Kansas state conviction related to abusive sexual conduct involving a minor.  In particular, McCutchen asserts that the district court violated his Fifth and Sixth Amendment rights by "consider[ing] the original charging document, the journal entry of conviction, and the presentence investigation report from [his] 1985 [Kansas] conviction . . . ."  Aplt. Br. at 5.

We recently rejected a similar argument in United States v. Moore, 401 F.3d 1220 (10th Cir. 2005).  In Moore, the defendant was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), as a result of the district court's determination that he had previously committed three violent felonies.  On appeal, the defendant argued "that the existence of prior convictions, and their classification as 'violent felonies,' as required by the Act constitute[d] 'facts' that must be charged in an indictment and proven to a

---

[2] McCutchen does not dispute that, looking beyond the statutory elements of his prior Kansas state conviction for sexual battery, that conviction occurred "under the laws of any State relating to . . . abusive sexual conduct involving a minor or ward . . . ."

10

jury." Id. at 1221. We rejected the defendant's arguments, concluding that the determination of "whether a given felony constitutes a 'violent felony' is a question of law and not fact," and thus "the Sixth Amendment does not require that determination to be made by a jury." Id. at 1225. We further noted that even where a district court concludes the defendant was convicted under a so-called "nongeneric" burglary statute, the Sixth Amendment was not implicated so long as the district court "stay[s] within the bounds delineated by the [Supreme] Court in" Shepard v. United States, 125 S.Ct. 1254 (2005). Id. at 1225, n.2. In other words, we concluded the Sixth Amendment is not implicated so long as a district court determining the character of a prior burglary conviction limits itself "to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard, 125 S.Ct. at 1257.

We conclude the same approach applies to cases, such as McCutchen's, involving application of § 2252(b)(2). That is, the question of whether a prior state conviction qualifies as "aggravated sexual abuse, sexual abuse, or abusive sexual contact with a minor" is a question of law rather than fact. While the question of whether the prior conviction actually involved a minor is a factual matter, a district court does not violate a defendant's constitutional rights by looking beyond the state statute of conviction, so long as the district court limits itself to the documents outlined in Shepard.

The only remaining issue here is whether the district court exceeded the bounds of

Shepard and erred by referring to a statement made by McCutchen during the presentence investigation admitting that he engaged in sexual contact with the minor victim. Shepard does not specifically include presentence investigation reports among the documents it lists which a district court may consider. Because McCutchen does not challenge the truthfulness of the statement relied on by the district court, we conclude any error on the part of the district court in considering it was harmless beyond a reasonable doubt. See generally Chapman v. California, 386 U.S. 18, 24 (1967) (discussing harmless error standard in cases involving errors of constitutional magnitude).

AFFIRMED.