**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

vs.

JEFFREY ARNOLD STEVENS,

    Defendant - Appellant.

No. 05-6000
(D.C. No. 04-CR-96-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

Defendant-Appellant Jeffrey Arnold Stevens pleaded guilty to six counts of

possession of child pornography in violation of 18 U.S.C. § 2252A(5)(B). At

sentencing, after consulting the Presentence Report ("PSR") and sustaining two

defense objections to Mr. Stevens' criminal history calculation, the district court

concluded that as the total offense level was 24 and the criminal history category

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

was V, that the appropriate sentencing guideline range was 92 to 115 months. In addition, the district court determined that Mr. Stevens' prior Kansas state conviction for aggravated indecent solicitation of a child qualified as a predicate offense for purposes of the 18 U.S.C. § 2252A(b)(2), and sentenced Mr. Stevens to the statutory mandatory minimum of 120 months on each count, to be served concurrently. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Contentions on Appeal

On appeal, Mr. Stevens raises three arguments: (1) that the district court erred in looking beyond the elements of the prior state conviction[1] in determining whether the statutory enhancement provisions of 18 U.S.C. § 2252A(b)(2) applied, (2) that because his prior conviction did not involve physical contact, it cannot satisfy the statutory requirement necessitating application of the mandatory minimum sentence of 120 months, and (3) that the district court erred by sentencing him based upon specific offense characteristics which involved "conduct that is not charged and to which Mr. Stevens has not admitted." Aplt.

---

[1] The prior state conviction concerned Kan. Stat. Ann. § 21-3511 (1991):

Aggravated indecent solicitation of a child is the accosting, enticing or soliciting of a child under the age of twelve (12) years to commit or to submit to an unlawful sexual act.

Aplt. Br. at 4 & Attach. D; see also 4 R. (PSR) at 7-8 ¶ 35.

Br. at 7, 10, 12.  We address each argument in turn.

Discussion

Mr. Stevens first contends that his prior Kansas state conviction for aggravated indecent solicitation of a child is not a conviction relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct because it does not require abusive sexual contact as an element of the offense.  Id. at 10.  He argues that the district court erred in looking beyond the elements of the prior state conviction in determining whether the statutory enhancement provisions applied.

Unfortunately for Mr. Stevens, we recently rejected a similar challenge where the defendant argued that in applying the sentencing enhancement provisions of 18 U.S.C. § 2252(b)(2), the district court could not look beyond the elements of the Kansas offense to which he had pled guilty.  United States v. McCutchen, 419 F.3d 1122, 1128 (10th Cir. 2005).  The defendant had been charged with two counts of indecent liberties with a child, but pled to a count of sexual battery.  Id. at 1123.  We held that "[w]hile the question of whether the prior conviction actually involved a minor is a factual matter, a district court does not violate a defendant's constitutional rights by looking beyond the state statute of conviction, so long as the district court limits itself to the documents outlined in Shepard."  McCutchen, 419 F.3d at 1128 (citing Shepard v. United States, 125 S.

Ct. 1254 (2005)). Shepard allows a court to look at "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard v. United States, 125 S.Ct. 1254, 1263 (2005).

McCutchen followed United States v. Moore, 401 F.3d 1220 (10th Cir. 2005), holding that neither the existence of a prior conviction, nor its classification, constitutes a fact that must be charged in an indictment and proven to a jury beyond a reasonable doubt. Moore, 401 F.3d at 1226. Accordingly, "whether a prior state conviction qualifies as aggravated sexual abuse, sexual abuse, or abusive sexual contact with a minor is a question of law rather than fact." McCutchen, 419 F.3d at 1128 (internal quotations omitted).

Were this not enough to reject the argument that we must focus exclusively on the elements of the underlying offense, the federal statutory language directs that a "prior conviction . . . under the laws of any State *relating to* aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor" will trigger the sentence enhancement provisions. 18 U.S.C. § 2252A(b)(2) (emphasis supplied); see also Morales v. Trans World Airlines, 504 U.S. 374, 383 (1992) (holding that the phrase "relating to" carries a "broad" "ordinary meaning," i.e., "to stand in some relation to; to have bearing or concern; to pertain; refer")

(internal citation and quotations omitted). Here the district court appears to have looked primarily at a state law explanation (accompanying the statute) of the nature of the offense, indubitably a legal exercise, in concluding that abusive sexual conduct involving a minor was the subject of the prior conviction. 3 R. (Sent. Tr.) at 30. Thus, the district court did not err.[2] McCutchen, 419 F.3d at 1127.

Next, Mr. Stevens contends that because his prior Kansas state conviction did not involve physical contact, it cannot satisfy the statutory requirement necessitating application of the mandatory minimum sentence of 120 months. Aplt. Br. at 10. To the contrary, the plain meaning of "sexual abuse of a minor" includes not only acts for sexual gratification that involve physical contact between the perpetrator and the minor, but also acts for the same purpose that do not necessarily involve physical contact. See Bahar v. Ashcroft, 264 F.3d 1309, 1311 (11th Cir. 2001) (construing identical language in 8 U.S.C. § 1101(a)(43)(A)). So understood, we reject Mr. Stevens' argument.

Last, Mr. Stevens contends that because he was neither charged with nor

---

[2]Further, even if the district court arguably exceeded the bounds of Shepard by relying on a statement in the PSR, Mr. Stevens does not dispute that he was in fact convicted of the Kansas state crime as outlined in the PSR, and therefore any error on the part of the district court in considering such information was harmless beyond a reasonable doubt. See McCutchen, 419 F.3d at 1128 (citing Chapman v. California, 368 U.S. 18, 24 (1967)).

admitted (1) that he was in possession of materials involving a prepubescent minor or a minor under the age of twelve years, (2) that the material portrayed sadistic or masochistic conduct, or (3) that he was in possession of at least 300 images, based on Booker v. United States, 125 S.Ct. 738 (2005), the district court could not rely upon these facts in sentencing him. Aplt. Br. at 13; U.S.S.G. § 2G2.4(b)(1) (two-level enhancement for material involving a prepubescent minor), § 2G2.4(b)(4) (four-level enhancement for material portraying sadistic or masochistic conduct), § 2G2.4(b)(5)(C) (four-level enhancement for 300 or more images). This argument is without merit.

The district court's enhancements, taken together, raised the sentencing range to a total of 92 to 115 months, which is less than the mandatory minimum sentence of 120 months provided by statute. 18 U.S.C. § 2252A(b)(2). In any case, the district court did not sentence Mr. Stevens under the guideline range, but rather under the statutory mandatory minimum. We have repeatedly held that Booker is wholly inapposite when reviewing mandatory minimum sentences. United States v. Payton, 405 F.3d 1168, 1173 (10th Cir. 2005). Therefore, Mr. Stevens' third argument is likewise rejected.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 6 -