**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

TROY SPENCE,

        *Defendant-Appellant.*

No. 10-4184

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Margaret B. Seymour, District Judge.
(1:09-cr-00387-MBS-1)

Argued: September 20, 2011

Decided: November 21, 2011

Before KING, DAVIS, and KEENAN, Circuit Judges.

___

Affirmed by published opinion. Judge Keenan wrote the opinion, in which Judge King and Judge Davis joined.

___

## COUNSEL

**ARGUED:** Allen Bethea Burnside, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Dean A. Eichelberger, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appel-

lee. **ON BRIEF:** William N. Nettles, United States Attorney, Columbia, South Carolina, for Appellee.

**OPINION**

KEENAN, Circuit Judge:

In this appeal, we consider whether Troy Spence's sentence for possession of child pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B), was properly enhanced as provided in 18 U.S.C. § 2252A(b)(2) based on his prior conviction under South Carolina common law for assault and battery of a high and aggravated nature (ABHAN). The sentencing enhancement at issue applies when a defendant has a prior conviction under certain federal statutes or a prior conviction under a state law "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor" (the sexual abuse enhancement). 18 U.S.C. § 2252A(b)(2).

The district court, employing the modified categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 602 (1990) and *Shepard v. United States*, 544 U.S. 13, 20 (2005), relied on the indictment charging the ABHAN offense to conclude that the ABHAN conviction qualified as a predicate offense under the sexual abuse enhancement. Spence argues on appeal that the district court erred in applying the modified categorical approach, and that the court should have limited its consideration of the prior conviction to a categorical analysis only. We disagree with Spence's argument, and affirm the district court's judgment.

I.

In 2009, a federal grand jury returned an indictment charging Spence with one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). After

initially pleading not guilty to the charge, Spence later entered a plea of guilty pursuant to a plea agreement.

Before Spence's sentencing hearing, the government filed a memorandum in the district court contending that Spence should receive a 10-year statutory minimum sentence under the sexual abuse enhancement. In support of its argument, the government relied on Spence's ABHAN conviction, which occurred in 2003. Spence objected to application of the sexual abuse enhancement, and argued that the ABHAN conviction did not qualify as a predicate offense because the elements of ABHAN do not require that a defendant commit a sexual act.

At the sentencing hearing, the district court agreed that Spence's prior ABHAN conviction did not necessarily relate to aggravated sexual abuse, sexual abuse, or abusive sexual conduct with a minor. As a result, the district court employed the modified categorical approach to consider the nature of Spence's ABHAN conviction.

Applying that approach, the district court reviewed the indictment charging Spence with a violation of ABHAN. The indictment stated, in relevant part:

> [Spence] . . . commit[ted] an assault and battery upon the victim . . . constituting an unlawful act of violent injury to the person of the said victim, accompanied by circumstances of aggravation, to wit: [Spence] used his hand to touch [the victim] between her legs, such being indecent liberties with a female and there being a difference in the sexes of the parties and a great disparity in the ages and physical conditions of the parties.

The district court concluded that the indictment "specifically state[d]" that the "offense involved the sexual assault of a female," and that, therefore, the ABHAN conviction qualified as a predicate offense under the sexual abuse enhancement.

The district court sentenced Spence to the mandatory minimum sentence of 10 years' imprisonment, as provided under 18 U.S.C. § 2252A(b)(2). Spence appeals.

II.

The question presented in this appeal is whether Spence's ABHAN conviction qualified as a predicate offense under the sexual abuse enhancement. We consider this issue of law de novo. *See United States v. Harcum*, 587 F.3d 219, 222 (4th Cir. 2009).

Under 18 U.S.C. § 2252A(b)(2), a defendant convicted of possession of child pornography is subject to a maximum sentence of 10 years' imprisonment. However, when a defendant has a prior conviction based on a violation of certain federal statutes, or when a defendant previously has been convicted "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor," the defendant is subject to a minimum sentence of 10 years' imprisonment and a maximum sentence of 20 years' imprisonment. 18 U.S.C. § 2252A(b)(2).

As an initial matter, we observe that the Fifth Circuit, in reviewing the same terms found in a related statute, 18 U.S.C. § 2252A(b)(1), has considered whether the phrase "involving a minor" modifies all three terms, namely, those of "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct." *United States v. Hubbard*, 480 F.3d 341, 350 (5th Cir. 2007). The court determined that the phrase "involving a minor" modified only the last category of offenses, that relating to "abusive sexual conduct." *Id.* In reaching this conclusion, the court relied not only on the placement of the modifying phrase at the end of the three categories of offenses, but also on the earlier enumeration in the same sentence of prior convictions under federal statutes qualifying as predicate offenses for the enhancement. *Id.* We find this analysis persuasive.

Like the federal statutes enumerated in 18 U.S.C. § 2252A(b)(1), the federal statutes included in 18 U.S.C. § 2252A(b)(2) expressly prohibit unlawful sexual offenses involving both adult and minor victims. Therefore, we agree with the Fifth Circuit that because statutes must be read in their entirety, it would be unreasonable to conclude that Congress intended to impose the enhancement on defendants convicted under federal law, but not on defendants convicted for the same conduct under state law. *See Hubbard*, 480 F.3d at 350. Accordingly, we conclude that "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct involving a minor" are three distinct categories of predicate state law offenses set forth in 18 U.S.C. § 2252A(b)(2). We therefore turn to consider these three separate statutory terms in determining whether Spence's ABHAN conviction qualified as a predicate offense under the sexual abuse enhancement.

In deciding this issue, the district court applied the familiar analyses known as the categorical and modified categorical approaches, which were articulated by the Supreme Court in *Taylor* and *Shepard*. We have employed these analyses in other contexts to determine whether prior convictions qualify as predicate offenses in the "career offender provisions" in the United States Sentencing Guidelines (the guidelines), and under the sentencing enhancements in the Armed Career Criminal Act (the ACCA), 18 U.S.C. § 924(e). *See United States v. Dean*, 604 F.3d 169, 175 (4th Cir. 2010); *Harcum*, 587 F.3d at 222.

The categorical approach requires that courts conduct a limited review of a prior conviction restricted to consideration of the elements of the offense and the fact of conviction. *See Chambers v. United States*, 555 U.S. 122, 125 (2009); *Harcum*, 587 F.3d at 222. This limited review must be expanded, however, when different types of behaviors satisfy an element of the offense and the proscribed behaviors constitute at least two separate crimes for sentencing purposes. *See Johnson v. United States*, 130 S. Ct. 1265, 1273 (2010). In that circum-

stance, courts employ the modified categorical approach, which allows a court to determine "the basis for the conviction by consulting the trial record." *Id.*; *see Shepard*, 544 U.S. at 20.

Under the modified categorical approach, in cases such as the one before us in which the prior conviction was based on a guilty plea, courts may only review charging documents, plea agreements, the plea colloquy, and explicit factual findings made by the trial judge. *Shepard*, 544 U.S. at 20. These documents serve as reliable sources revealing the basis for the prior conviction, including those facts necessarily admitted by the defendant. *Id.* at 21; *United States v. Alston*, 611 F.3d 219, 226 (4th Cir. 2010).

By applying the categorical and modified categorical approaches, sentencing courts avoid conducting "mini-trials" for each prior offense, which would constitute an inconsistent and unreliable method on which to base enhanced sentences. *See Harcum*, 587 F.3d at 222-23 (quoting *United States v. Pierce*, 278 F.3d 282, 286 (4th Cir. 2002)). Moreover, use of such mini-trials to determine the nature of an underlying crime potentially would violate a defendant's Sixth Amendment rights. *Shepard*, 544 U.S. at 25; *Taylor*, 495 U.S. at 601; *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008).

Although this Court has not considered whether the categorical and modified categorical approaches should be applied in the context of the sexual abuse enhancement at issue in this case, other circuits have applied these well-known approaches in cases involving the sentencing enhancements found in 18 U.S.C. § 2252A(b). *See United States v. McGrattan*, 504 F.3d 608 (6th Cir. 2007); *United States v. Sonnenberg*, 556 F.3d 667 (8th Cir. 2009); *United States v. Sinerius*, 504 F.3d 737 (9th Cir. 2007). In a context analogous to the present case, however, the Tenth Circuit rejected use of the categorical approach in applying 18 U.S.C. § 2252(b)(2),

which includes the same phrase, "relating to," that we consider here in the sexual abuse enhancement. *United States v. McCutchen*, 419 F.3d 1122, 1127 (10th Cir. 2005).

In reaching its conclusion, the Tenth Circuit contrasted the phrase "relating to" with the more specific language of the ACCA, which defines a predicate offense based on its elements, or the fact that the offense "is" burglary, arson, or extortion, or the fact that the offense "involves" other specified acts. *Id.* at 1126. Comparing this language in the ACCA with Congress' use of the more expansive phrase "relating to" in 18 U.S.C. § 2252(b)(2), the Tenth Circuit concluded that the phrase "relating to" mandated a broader inquiry than that permitted by the categorical approach. *Id.* at 1127. Nonetheless, the Tenth Circuit effectively applied the modified categorical approach, limiting a sentencing court's review under 18 U.S.C. § 2252(b)(2) to documents approved in *Shepard*. *McCutchen*, 419 F.3d at 1126, 1128.

In our view, it is unnecessary to reject outright use of the categorical approach when considering application of the sexual abuse enhancement, because a defendant may have been convicted of prior offenses whose elements categorically satisfy the enhancement's "relating to" provision. In such cases, a sentencing court could apply the sexual abuse enhancement without having to examine the entire record of conviction in an effort to determine the nature of the prior offense. Moreover, we do not view Congress' use of the phrase "relating to" in the sexual abuse enhancement as a mandate to broaden the field of defendants subject to the enhancement by eliminating use of the categorical approach.

We conclude that the categorical approach and the modified categorical approach each have distinct utility in assisting a sentencing court in determining whether a prior conviction qualifies as a predicate offense under the sexual abuse enhancement. Accordingly, we adopt use of these approaches in the present case, because their application provides defen-

dants facing the sexual abuse enhancement with the same constitutional protections received by other defendants confronting sentencing enhancements contained in the ACCA and in the "career offender provisions" of the guidelines.

In first applying the categorical approach, we observe that the common law crime of ABHAN is defined by South Carolina as "an unlawful act of violent injury accompanied by circumstances of aggravation." *South Carolina v. White*, 605 S.E.2d 540, 543 (S.C. 2004). Qualifying aggravating circumstances include an accompanying intent to commit a felony, use of a deadly weapon, inflicting serious bodily injury on the victim, purposefully inflicting shame and disgrace on the victim, taking indecent liberties with a female, and resisting lawful authority. *Id.* Aggravating circumstances also are present when there is a great disparity in the ages or physical conditions of the perpetrator and the victim, or when there is a difference in gender of those persons. *Id.*

These varied categories of aggravating circumstances encompass behaviors that may, but do not necessarily, constitute crimes "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." Therefore, the question whether Spence's ABHAN conviction qualifies as a predicate offense for purposes of the sexual abuse enhancement cannot be determined categorically from an examination of the elements of the offense and the mere fact of his conviction. As a result, we apply the modified categorical approach in an effort to determine the nature of the underlying crime, so that we may ascertain whether Spence's ABHAN conviction relates to one of the three types of conduct described in 18 U.S.C. § 2252A(b)(2). *See Shepard*, 544 U.S. at 20.

Under the modified categorical approach, the indictment charging Spence with ABHAN is an appropriate and reliable document to consider in determining the nature of his conviction. *See Shepard*, 544 U.S. at 20. The plain language of that indictment described the act of touching the victim between

her legs, which constitutes indecent liberties with a female. The indictment also implicated two additional categories of aggravating circumstances under South Carolina law, a difference in the sexes and a great disparity in the ages and physical conditions between Spence and the victim.

We conclude that the nature of the offense described in the indictment establishes that Spence's ABHAN conviction "relates to" sexual abuse and, therefore, that the ABHAN conviction qualifies as a predicate offense under the sexual abuse enhancement. In reaching this conclusion, we emphasize Congress' choice of the phrase "relating to" in the statute, which carries a broad ordinary meaning, namely, "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with." *Morales v. Trans World Airlines Inc.*, 504 U.S. 374, 383 (1992) (internal quotation marks omitted). In light of this broad, inclusive language chosen by Congress, the nature of the crime as reflected in the indictment does not need to satisfy a narrow definition of sexual abuse in order to qualify as a predicate offense.

The nature of the offense described in the present indictment, touching a female between the legs constituting an indecent liberty, refers to a sexual act. Furthermore, the fact that the indictment reflects an offense involving a "great disparity" in the ages and physical conditions of the defendant and his victim is sufficient to demonstrate the commission of a crime in an abusive manner. Therefore, we conclude that Spence's ABHAN conviction "relat[ed] to" sexual abuse, and that the district court did not err in applying the sexual abuse enhancement in this case.

III.

In conclusion, we hold that Spence's ABHAN conviction qualifies as a predicate offense under 18 U.S.C. § 2252A(b)(2). Accordingly, the district court properly determined that Spence was subject to the minimum statutory sen-

tence of 10 years' imprisonment under the sexual abuse enhancement, and we affirm the district court's judgment.*

*AFFIRMED*

---

*In Spence's opening brief, he questioned the "validity" of his guilty plea to the charge of possession of child pornography, but raised no specific issues for our consideration. We have reviewed the record and conclude that the district court complied with the mandates of Fed. R. Crim. P. 11 in accepting Spence's guilty plea.