**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 11-4183**

───────────────

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

JESSIE DONALD KINNEY,

    Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, Senior District Judge.  (2:09-cr-01091-PMD-1)

───────────────

Submitted:  February 23, 2012   Decided:  March 12, 2012

───────────────

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Mary Gordon Baker, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  William N. Nettles, United States Attorney, Jeffrey Mikell Johnson, Robert F. Daley, Jr., Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jessie Donald Kinney pled guilty to one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006), and was sentenced to thirty months' imprisonment. On appeal, Kinney challenges his sentence, arguing that the district court incorrectly counted his prior South Carolina state conviction for assault and battery of a high and aggravated nature ("ABHAN") as a predicate offense qualifying him for the enhanced base offense level at U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(a)(4)(A) (2010). We affirm.

The Guidelines establish a base offense level of twenty for a defendant who violates 18 U.S.C. § 922(g) if "the defendant committed any part of the . . . offense subsequent to sustaining one felony conviction of . . . a crime of violence." USSG § 2K2.1(a)(4)(A). Whether a prior conviction qualifies as a crime of violence is an issue of law we review de novo. United States v. Jenkins, 631 F.3d 680, 682 (4th Cir. 2011). A crime of violence for purposes of USSG § 2K2.1(a)(4)(A) is an offense that "involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2); see USSG § 2K2.1 cmt. n.1 (providing that a "'[c]rime of violence' has the meaning given that term in § 4B1.2(a)").

2

At the time of Kinney's conviction for ABHAN, the crime was a common-law crime defined as the "unlawful act of violent injury to another accompanied by circumstances of aggravation." State v. Fennell, 531 S.E.2d 512, 516 (S.C. 2000). Kinney argues that a conviction for ABHAN is not a per se crime of violence because such a crime can be committed recklessly and negligently, in addition to intentionally.

In this case, the district court determined that, under either the categorical or modified categorical approach, Kinney's conviction for ABHAN qualified as a crime of violence. Even assuming that ABHAN is not categorically a crime of violence, we affirm the district court's finding, using the modified categorical approach, that the record of Kinney's conviction for ABHAN reflects intentional and violent conduct. See United States v. Spence, 661 F.3d 194, 197–200 (4th Cir. 2011) (applying modified categorical approach to ABHAN conviction for purposes of enhancing sentence under 18 U.S.C. § 2252A(b)(2) (2006)). We therefore conclude that the district court properly determined that Kinney's conviction for ABHAN was a crime of violence for purposes of applying the enhanced base offense level at USSG § 2K1.2(a)(4)(A).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED