**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4293**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JAMES ALAN MCCLURE,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:11-cr-00055-RLV-DCK-1)

Submitted: November 19, 2013        Decided: November 21, 2013

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Henderson Hill, Executive Director, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Alan McClure pled guilty to receiving child pornography that has been shipped or transported in or affecting interstate or foreign commerce, in violation of 18 U.S.C. § 2252A(a)(2) (2012) (Count 1); and possessing a hard drive containing visual depictions of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) (2012) (Count 2). He was sentenced to 180 months of imprisonment on each count to be served concurrently. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issue: whether McClure's prior North Carolina conviction for second degree sexual offense triggered the fifteen-year mandatory minimum sentence under 18 U.S.C. § 2252A(b)(1) (2012). For the reason that follow, we affirm.

McClure's prior state offense, which involved forcing a fourteen-year-old girl to perform oral sex, was a proper predicate offense for the enhancement under § 2252A(b)(1). See United States v. Spence, 661 F.3d 194, 197 (4th Cir. 2011) (concluding that "involving a minor" modifies only "abusive sexual conduct" and applying modified categorical approach to determine proper predicate conviction for § 2252A(b) enhancement). We therefore conclude that the district court

properly used McClure's above state offense to impose a mandatory minimum fifteen-year sentence.

In accordance with <u>Anders</u>, we have reviewed the record in this case, including the issues raised in McClure's pro se supplemental brief, and have found no meritorious issues for appeal. McClure's guilty plea revealed he knowingly and voluntarily pled guilty, <u>United States v. Vonn</u>, 535 U.S. 55, 58 (2002), and that the hearing complied with Fed. R. Crim. P. 11. We further find no abuse of discretion in McClure's sentence, <u>see</u> <u>Gall v. United States</u>, 552 U.S. 38, 41, 51 (2007) (providing review standard), and note that he was sentenced within a properly calculated advisory Sentencing Guidelines range in which the court expressly considered 18 U.S.C. § 3553(a) (2012) sentencing factors. <u>See</u> <u>United States v. Mendoza–Mendoza</u>, 597 F.3d 212, 217 (4th Cir. 2010) (noting appellate presumption of reasonableness for sentence imposed within a properly calculated Guidelines range).

We therefore affirm McClure's conviction and sentence. This court requires that counsel inform McClure, in writing, of the right to petition the Supreme Court of the United States for further review. If McClure requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

3

was served on McClure. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED