The STATE of Ohio, Appellee,

v.

WALKER, Appellant.

[Cite as *State v. Walker* (1999), 134 Ohio App.3d 89.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 98CA2438.

Decided June 28, 1999.

90

*Scott W. Nusbaum*, Ross County Prosecuting Attorney, and *Jennifer L. Ater*, Assistant Prosecuting Attorney, for appellee.

*Carl P. Hirsch, Jr.*, for appellant.

KLINE, Presiding Judge.

Scott Walker appeals his conviction for the illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323(A)(1). Walker contends that the Ross County Court of Common Pleas erred in finding that a graphic display of the genitals without lewdness is sufficient to sustain a conviction under the statute. We agree, because the United States Supreme Court and the Ohio Supreme Court ruled that R.C. 2907.323(A) is not unconstitutionally overbroad based upon their findings that "nudity" within the statute refers to lewd photographs, not morally innocent photographs that happen to focus on the genitals. Accordingly, we sustain the assignment of error, reverse the judgment of the trial court, and remand this case to the trial court to enter a judgment of acquittal and release Walker.

The state cross-appeals, asserting that the trial court erred in finding that it did not present sufficient evidence that Walker's video was lewd. Because the state did not file a motion for leave to appeal pursuant to App.R. 5(B), we decline to address the state's assignment of error.

I

Walker, his girlfriend Tyra, and her infant son lived together in a house in Ross County. In the fall of 1996, Walker and Tyra purchased a video camera that they began to use frequently to tape various events, such as the infant boy crawling and playing.

One day, when Tyra's son was between nine and eleven months old, he discovered his genitals for the first time as Tyra changed his diaper. He began grasping his crotch area and laughing. Walker decided to capture the boy's exploration on videotape. However, Walker already had used the videotape in the camera on a separate occasion to shoot footage of Tyra in the nude. Walker labeled the tape containing footage of his nude girlfriend "X-rated: Do Not Watch."

By the time Walker got the video camera to operate, the infant boy's attention had wandered. During the seven-minute segment Walker shot of the boy, he and

Tyra encouraged the boy's play, using phrases such as "grab your balls" several times. At one point, Tyra held the video camera as Walker reached out and directed the boy's hand toward his crotch. The tape focuses on the boy's genitalia approximately ten times, and he is unclothed through the entire seven-minute segment. The boy smiles, laughs, and giggles throughout the segment.

Several months later, Tyra's aunt and uncle discovered the videotape and alerted authorities. When confronted about the videotape by police detectives in an uncounseled audiotaped interview, Walker denied any perverted or immoral purpose, and stated that his sole purpose in taping the segment was to watch the boy explore and giggle.

The Ross County Grand Jury indicted Walker on one count of endangering children, a violation of R.C. 2919.22, and one count of illegal use of a minor in nudity-oriented material, a violation of R.C. 2907.323. At his bench trial, the trial court severed, and later dismissed, the endangering charge. The state presented evidence, uncontroverted by Walker, that Walker and Tyra created the tape, and that the infant boy featured in the seven-minute segment of the tape was not Walker's child or ward. The court also admitted into evidence Walker's statement to police.

In a journal entry issued after the trial, the trial court specifically found that the videotape Walker created did not contain a lewd exhibition of a minor in a state of nudity. However, the court also found that, because the videotape focused on the boy's genital area approximately ten times, it contained a graphic focus on a minor's genitals. The court reasoned that *State v. Young* (1988), 37 Ohio St.3d 249, 525 N.E.2d 1363, requires conviction when a defendant photographs a minor, not his child or ward, in a state of nudity, "where such nudity constitutes a lewd exhibition *or* involves a graphic focus on the genitals." (Emphasis added.) *Young*, at paragraph one of the syllabus. The trial court sentenced Walker to the shortest term of imprisonment for a second-degree felony, two years.

Walker appeals, asserting that *Young* (a consolidated decision arising from appeals by defendants Young and Osborne) and *Osborne v. Ohio* (1990), 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98 (the direct appeal of *Young* to the United States Supreme Court) require a finding that the photograph is lewd in order to satisfy the constitutional requirements for a conviction under the statute. The state cross-appeals, challenging the trial court's finding that it failed to present sufficient evidence to establish that the video Walker took was lewd.

## II

■ Walker asserts that, pursuant to *Osborne*, the state must prove that the video he took of the infant boy was lewd in order to support a conviction under

R.C. 2907.323(A). The state asserts that *Osborne* merely affirmed *Young*, the Ohio Supreme Court's decision finding that R.C. 2907.323(A)(3) is constitutional. Moreover, the state contends that, pursuant to *Young*, "nudity" as used in R.C. 2907.323(A) refers to either lewdness or a graphic display of genitals. See *Young* at paragraph one of the syllabus. Walker's and the state's differing interpretations of the definition of nudity articulated in *Osborne* and *Young* present a question of the law that we review *de novo*. *State v. Anderson* (1995), 100 Ohio App.3d 688, 691, 654 N.E.2d 1034, 1036.

R.C. 2907.323 provides:

"(A) No person shall do any of the following:

"(1) Photograph any minor who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor in a state of nudity, unless both of the following apply:

"(a) The material or performance is * * * presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose * * *.

"(b) The minor's parents, guardian, or custodian consents in writing to the photographing of the minor * * *.

"* * *

"(3) Possess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity, unless one of the following applies:

"(a) The material or performance is * * * presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose * * *.

"(b) The person knows that the parents, guardian, or custodian has consented in writing to the photographing or use of the minor * * *."

In *Young*, the court held that R.C. 2907.323(A)(3), which, by its plain language, simply prohibits possessing photographs of "a minor * * * in a state of nudity," is not unconstitutionally overbroad. *Young* at 252, 525 N.E.2d at 1367–1368. It is well settled that a statute outlawing depictions of nudity, without more, is overbroad because it violates constitutionally protected freedom of expression. *New York v. Ferber* (1982), 458 U.S. 747, 765, 102 S.Ct. 3348, 3358–3359, 73 L.Ed.2d 1113, 1127–1128. The *Young* court reasoned that, while R.C. 2907.323(A) initially appears overbroad, the "proper purposes" exceptions reveal the General Assembly's intent not to sanction materials that are "morally innocent." *Young*, 37 Ohio St.3d at 252, 525 N.E.2d at 1367–1368. Thus, the court held that R.C. 2907.323(A)(3) prohibits possessing photographs of a minor

in a state of nudity only "where such nudity constitutes a lewd exhibition or involves a graphic focus on the [minor's] genitals." *Young* at paragraph one of syllabus. Because Young and Osborne possessed lewd photographs of unclothed minors, the Ohio Supreme Court affirmed their convictions.

Osborne appealed the Ohio Supreme Court's finding that R.C. 2907.323(A) is not overbroad to the United States Supreme Court. See *Osborne*, 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98. The United States Supreme Court upheld *Young*, finding that R.C. 2907.323(A) is not overbroad because the Ohio Supreme Court limited the application of the statute so as to avoid punishing persons who possess innocuous photographs. *Osborne* at 111–114, 110 S.Ct. at 1697–1698, 109 L.Ed.2d at 110–112.

▇ The state asserts that, because the *Young* court used the word "or" in its syllabus, and because the United States Supreme Court did not overrule *Young*, the state can support a conviction with evidence of either lewdness or a graphic portrayal. We recognize that the legal precedent arising from an Ohio Supreme Court case comes from the court's syllabus. However, we also recognize that the opinion of the court provides crucial guidance on interpreting the intent of the court in writing the syllabus. Moreover, in *Osborne,* the United States Supreme Court relied heavily on the rationale articulated in *Young* to uphold the *Young* court's ruling that R.C. 2907.323(A) is constitutional.

▇ The rationale articulated in *Young* and *Osborne* reflects that both courts view R.C. 2907.323(A)'s constitutionality as dependent upon its applicability only to nude photographs of minors created or possessed for "prurient purposes." *Osborne* at 113, 110 S.Ct. at 1698, 109 L.Ed.2d at 112, fn. 10, citing *Young,* 37 Ohio St.3d at 252, 525 N.E.2d at 1368. The *Osborne* court held that "[t]he crucial question is whether the depiction is lewd, not whether the depiction happens to focus on the genitals or the buttocks." *Osborne* at 114, 110 S.Ct. at 1699, 109 L.Ed.2d at 112, fn. 11. The court further found that "[t]he context of the [*Young* ] opinion indicates that the Ohio Supreme Court believed that 'the term "nudity" as used in R.C. 2907.323(A)(3) refers to a lewd exhibition of the genitals.' " *Osborne* at 114, 110 S.Ct. at 1699, 109 L.Ed.2d at 112, fn. 11, citing *Young* at 258, 525 N.E.2d at 1373. The *Young* court also expressly held that Osborne's trial court erred, albeit not prejudicially, when it failed to instruct the jury that "lewdness is a necessary element of nudity under R.C. 2907.323(A)(3)." *Young* at 258, 525 N.E.2d at 1373.

▇ Based upon the rationale articulated by the Supreme Courts of the United States and Ohio, we find that lewdness is a necessary element of nudity under R.C. 2907.323(A)(3). In this case, the trial court found that the video was graphic because Walker focused on the boy's genitalia on ten occasions during the seven-

minute tape. However, the court also specifically found that the video did not constitute a lewd exhibition of the boy in a state of nudity. Because the state failed to prove that Walker created a lewd video of the boy, we find that the trial court erred by finding Walker guilty of violating R.C. 2907.323(A)(1).

Accordingly, we sustain Walker's assignment of error.

### III

The state filed a cross-appeal, asserting that the trial court erred when it ruled that the state did not present sufficient evidence to prove that the video Walker created was lewd. The state did not file a motion for leave to appeal as required by App.R. 5(B). We may decline a discretionary appeal by the state when the state fails to move for leave to appeal within thirty days of judgment. *State v. Gowdy* (1994), 95 Ohio App.3d 628, 643 N.E.2d 175.

Accordingly, we decline to address the state's assignment of error.

### IV

In conclusion, we find that the trial court erred when it held that lewdness is not a necessary element of nudity as the term is used in R.C. 2907.323(A).

Therefore, we sustain Walker's assignment of error. We decline to address the state's assignment of error. Accordingly, we remand this case to the trial court to enter a judgment of acquittal on the charge against Walker.

*Judgment reversed.*

EVANS, J., concurs.

HARSHA, J., dissents.

HARSHA, Judge, dissenting:

Because I cannot convince myself to reverse a trial court that adheres to S.Ct.R.Rep. 1(B) and follows the literal wording of a syllabus of the Supreme Court of Ohio, I reluctantly dissent. The first syllabus paragraph in *Young, supra*, is unambiguously stated in the disjunctive, and thus creates two separate standards by which to determine whether a depiction of a child's nudity is a criminal act, *i.e.*, "where such nudity constitutes a lewd exhibition *or* involves a graphic focus on the genitals." (Emphasis added.) Notwithstanding the Supreme Court's confusing use of language in the body of the opinion that seems to mix and match the two standards, see Justice Brennan's dissent in *Osborne, supra*, the rule of law is pronounced in the syllabus. S.Ct.R.Rep.Op. 1(B). Just as lower courts are not permitted to pronounce the syllabus to be *obiter dictim*, see

*State ex rel. Heck v. Kessler* (1995), 72 Ohio St.3d 98, 103, 647 N.E.2d 792, 797, we should not attempt to interpret unambiguous language in a syllabus in an effort to clarify what we believe to be an oversight or an act of imprecision.

Likewise, principles of federalism prevent the Supreme Court of the United States from modifying syllabus law pronounced by their state counterpart in Ohio. While the United States Supreme Court clearly is the final arbiter of the federal Constitution, it is not free to interpret a state court's unambiguous pronouncement of black letter law. *Shuttlesworth v. Birmingham* (1965), 382 U.S. 87, 91, 86 S.Ct. 211, 213–214, 15 L.Ed.2d 176, 179–180. Rather, it may either affirm or reverse that pronouncement according to whether the law of the case is in accordance with or contrary to its view of the Constitution. See *Herb v. Pitcairn* (1945), 324 U.S. 117, 126, 65 S.Ct. 459, 463, 89 L.Ed. 789, 794 (noting that the United States Supreme Court's power "is to correct wrong judgments, not to revise opinions"). In Ohio jurisprudence, the law of the case is found in the syllabus of the Supreme Court opinion. S.Ct.R.Rep.Op. 1(B). In *Osborne,* the United States Supreme Court reversed the defendant's conviction, but on grounds other than the Ohio Supreme Court's pronouncement of syllabus law, which it affirmed.

Thus, while I readily agree with my colleagues and the text of *Young* that R.C. 2907.323(A) *ought* to require the concept of lewdness in both standards, the syllabus clearly does not. *Young* creates two distinct tests, only one of which contains a lewdness component. Accordingly, I reluctantly dissent.