[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2006
THOMAS K. KAHN
CLERK

No. 05-13576
Non-Argument Calendar

_____

D. C. Docket No. 04-00086-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY MARK HARDING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 6, 2006)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Gary Mark Harding, who pled guilty to possessing child pornography in

violation of 18 U.S.C. § 2252(a)(4) and (b)(2), appeals his 120-month sentence. He contends that the district court erred in enhancing his sentence based on his prior convictions for "lewd sexual battery" in Florida state court. Specifically, Harding argues that (1) his lewd sexual battery convictions were not qualifying offenses under § 2252(b)(2), and (2) the application of § 2252(b)(2) violated his Fifth and Sixth Amendment rights, because the Government failed to allege in the Indictment–and Harding did not admit–the fact of the prior convictions. Finding no error, we affirm.

## I. Qualifying Offense

We review de novo whether Harding's prior convictions constitute qualifying offenses under § 2252(b)(2). *See United States v. James*, 430 F.3d 1150, 1153 (11th Cir. 2005) (reviewing "*de novo* whether a conviction is a 'violent felony' or a 'serious drug offense' within the meaning of [18 U.S.C.] § 924(e)"), *petition for cert. filed*, (U.S. Feb. 14, 2006) (No. 05-9264). Generally, § 2252(b)(2) provides that a person who, like Harding, violates § 2252(a)(4) "shall be fined under this title or imprisoned not more than 10 years, or both . . . ." However, if that person

> has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of Title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual

2

conduct involving a minor or ward . . . such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

18 U.S.C. § 2252(b)(2). The application of this enhancement was error, Harding argues, because his state law convictions for lewd sexual battery are not necessarily convictions "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" within the meaning of § 2252(b)(2). According to Harding, the quoted statutory language is best understood by turning to 18 U.S.C. § 2243, which criminalizes "[s]exual abuse of a minor or ward." Under § 2243(a), the minor being abused must not only be at least 12 and younger than 16, but must also be "at least four years younger" than the abuser. 18 U.S.C. § 2243(a). Nothing in the record we are permitted to consult, Harding argues, establishes that he was at least four years older than the victim at the time of the lewd sexual battery. We disagree with Harding's analysis.

In determining whether a prior conviction is a qualifying offense under § 2252(b)(2), a sentencing court is "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, __, 125 S. Ct. 1254, 1257, 161 L. Ed. 2d

3

205 (2005) (applying the rule to the sentencing enhancement contained in 18 U.S.C. § 924(e)); *Taylor v. United States*, 495 U.S. 575, 602, 110 S. Ct. 2143, 2160, 109 L. Ed. 2d 607 (1990) (in determining whether a prior conviction is a qualifying offense under § 924(e), sentencing court is prohibited from delving into particular facts disclosed by the record of conviction, but must normally look only to the fact of conviction and the statutory definition of the prior offense); *United States v. McCutchen*, 419 F.3d 1122, 1128 (10th Cir. 2005) (concluding that the rule outlined in *Shepard* "applies to cases . . . involving application of § 2252(b)(2)"). Here, the Criminal Information introduced at sentencing charged Harding with three counts of lewd sexual battery "upon . . . a child under the age of 16 years," in violation of Fla. Stat. 800.04(3) (1995). Under that provision, a person who "[c]ommits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years . . . without committing the crime of sexual battery, commits a felony of the second degree . . . ." Fla. Stat. § 800.04(3) (1995). Section 794.011(1)(h) states: "'Sexual battery' means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose." Fla. Stat. 794.011(1)(h) (1995). Counts One and Three of the Criminal Information charged Harding with

4

committing sexual battery on the child "by placing his penis in union with or penetrating her vagina," and Count Two charged him with committing sexual battery "by penetrating her vagina with his finger(s)."

Notwithstanding the foregoing, Harding contends that his convictions under § 800.04(3) are not convictions "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" under § 2252(b)(2). In order to understand what constitutes "abusive sexual conduct involving a minor," Harding argues, we must look to 18 U.S.C. § 2243, because § 2252(b)(2) "provides no definitions." Section 2243, entitled "Sexual abuse of a minor or ward," makes it a federal crime to engage knowingly in a sexual act with another person who is (1) at least 12 but younger than 16, and (2) "at least four years younger than the person so engaging." 18 U.S.C. § 2243(a).[1] Thus, Harding concludes, for his lewd sexual battery convictions to qualify under § 2252(b)(2), the minor-victim must have been at least four years younger than Harding at the time of the conduct underlying the convictions. This age difference was not established at sentencing, Harding explains, because it was not an essential element of an offense under § 800.04(3), was not charged in the Criminal

---

[1] Similarly, § 2244, entitled "Abusive sexual contact," prohibits knowingly engaging in or causing sexual contact with or by another person if doing so would violate "subsection (a) of section 2243 of this title had the sexual contact been a sexual act . . . ."

5

Information, and was not admitted by him.

We reject Harding's attempt to engraft the requirements of § 2243 on to § 2252(b)(2). While § 2243 may "define" the federal crime of "Sexual abuse of a minor," it is not a definitional provision applicable to § 2252. *See* 18 U.S.C. § 2243(a). Indeed, § 2252, unlike § 2243, is codified in chapter 110 of Title 18, Part 1. The definitions applicable to chapter 110 are located in 18 U.S.C. § 2256, which defines "minor" as "any person under the age of eighteen years," and contains no age difference requirement similar to § 2243(a)(2). Thus, Harding's approach would create a conflict between the definition of "minor" applicable to § 2252 through § 2256, and the definition of minor Harding draws from § 2243, which refers to a person who is at least 12 but younger than 16 (and at least four years younger than the abuser). *See* 18 U.S.C. §§ 2243(a), 2252(b), 2256(1). Such an interpretation cannot be squared with our obligation to read the statute as a whole. *See Dolan v. United States Postal Serv.*,__ U.S.__, __ S. Ct.__, __ L. Ed. 2d __, No. 04-848, slip op. at 4 (Feb. 22, 2006).

Furthermore, § 2252(b)(2) already accounts for prior convictions under § 2243 by encompassing "a prior conviction under . . . chapter 109A." 18 U.S.C. § 2252(b)(2). When addressing state law convictions, however, § 2252(b)(2) uses broader language, reaching any conviction under a state law "*relating to . . .*

6

abusive sexual conduct involving a minor . . . ." *Id.* (emphasis added). We find that Harding's convictions for lewd sexual battery under Fla. Stat. § 800.04(3) fall well within the plain meaning of this language, and are supported by the charges in the Criminal Information. *See McCutchen*, 419 F.3d at 1127 (Congress's use of "relating to" in § 2252(b)(2) "indicates its intent to allow a sentencing court to look beyond the mere elements of a prior state conviction" in determining whether conviction triggers enhancement); *United States v. Rezin*, 322 F.3d 443, 448 (7th Cir. 2003) ("From the standpoint of rational penal policy . . . what is important is the conduct that gave rise to the prior conviction, not the elements of the offense underlying that conviction."); *accord James*, 430 F.3d at 1155 (explaining that for state law offense to constitute "serious drug offense" under Armed Career Criminal Act, or "ACCA," language of state statute need not exactly match ACCA's definition of "serious drug offense," but merely fall within that definition); *cf. United States v. Padilla-Reyes*, 247 F.3d 1158, 1164 (11th Cir. 2001) (concluding that plain meaning of phrase "sexual abuse of a minor" in 8 U.S.C. § 1101(a)(43)(A) includes a violation of Fla. Stat. 800.04 (1987)); *United States v. Smith*, 367 F.3d 748, 751 (8th Cir. 2004) (per curiam) ("Although the term "sexual exploitation of children" is not defined in the statute, the term unambiguously refers to any criminal sexual conduct with a child). *But see United States v. Galo*,

239 F.3d 572, 582 (3rd Cir. 2001)("It is the elements of a given statute, not the conduct that violates it that determines if the statute relates to the sexual exploitation of children.").[2]

## II. Almendarez-Torres

Harding next argues that the application of § 2252(b)(2) violated his Fifth and Sixth Amendment rights, because his lewd sexual battery convictions were not charged in the Indictment or admitted by him. As Harding raised his constitutional objections before the district court, we review them de novo. *United States v. Candelario*, 240 F.3d 1300, 1306 (11th Cir. 2001).

In *Almendarez-Torres v. United States*, 523 U.S. 224, 228, 118 S. Ct. 1219, 1223, 140 L. Ed. 2d 350 (1998), the Supreme Court "held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for

---

[2] Harding contends that even if we disagree with him, we must apply the rule of lenity. "[W]hen there are two rational readings of a criminal statute, one harsher than the other, the rule of lenity dictates that we are to choose the harsher one only when Congress has spoken in language that is clear and definite." *United States v. Inclema*, 363 F.3d 1177, 1182 (11th Cir. 2004) (per curiam) (internal quotes and citation omitted). For the reasons explained above, Harding has not proposed a rational reading of § 2252(b)(2), and we therefore need not apply the rule of lenity. *See United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1315 (11th Cir.) (per curiam) ("We will apply the rule of lenity only if the provision being construed is still ambiguous after application of normal rules of construction."), *cert. denied*, __ U.S. __, 125 S. Ct. 457, 163 L. Ed. 2d 347 (2005). Harding also asserts that, to the extent § 2252(b)(2) is "without definition," it is void for vagueness. He raised this argument for the first time in his reply brief, and it is therefore waived. *See United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999).

8

purposes of enhancing a sentence." *United States v. Marseille*, 377 F.3d 1249, 1257 (11th Cir.), *cert. denied*, 543 U.S. 1013, 125 S. Ct. 637, 160 L. Ed. 2d 480 (2004). Although Harding contends that *Almendarez-Torres* has been "gravely wounded" by subsequent Supreme Court cases, he concedes we have held that it remains good law. *See, e.g.*, *United States v. Gibson*, 434 F.3d 1234, 1247 (11th Cir. 2006) ("Though wounded, *Almendarez-Torres* still marches on and we are ordered to follow. We will join the funeral procession only after the Supreme Court has decided to bury it."). Even so, Harding argues, his case is different because, unlike the defendant in *Almendarez-Torres*, he did not even admit to the *existence* of his prior convictions. *See Almendarez-Torres*, 523 U.S. at 227, 118 S. Ct. at 1222. This argument is unavailing, for Harding does not deny that other evidence as to the existence of his prior convictions was produced at sentencing.

We find no error in the district court's decision to enhance Harding's sentence, pursuant to 18 U.S.C. § 2252(b)(2), based on his prior Florida convictions for lewd sexual battery. Accordingly, we affirm Harding's sentence.

**AFFIRMED.**

9