RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 06a0254p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

CLARENCE JONES, JR.,

*Defendant-Appellant.*

No. 05-5739

>

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 04-10045—James D. Todd, Chief District Judge.

Argued: May 12, 2006

Decided and Filed: July 20, 2006

Before: DAUGHTREY and COOK, Circuit Judges; CARR, Chief District Judge.[*]

---

**COUNSEL**

**ARGUED:** M. Dianne Smothers, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. James W. Powell, ASSISTANT UNITED STATES ATTORNEY, Jackson, Tennessee, for Appellee. **ON BRIEF:** M. Dianne Smothers, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. James W. Powell, ASSISTANT UNITED STATES ATTORNEY, Jackson, Tennessee, for Appellee.

---

**OPINION**

---

JAMES G. CARR, Chief District Judge. This is a sentencing appeal. Clarence Jones contends the United States District Court for the Western District of Tennessee improperly applied the Armed Career Criminal Act (ACCA) to him in determining his term of incarceration.

Jones filed timely notice of appeal May 9, 2005.

For the reasons that follow, Jones's sentence shall be **AFFIRMED**.

---

[*]The Honorable James G. Carr, Chief United States District Judge of the Northern District of Ohio, sitting by designation.

# I. BACKGROUND

On the evening of November 16, 1998, Jones robbed three different groups of people at gunpoint. The robberies occurred within a period of two hours.

Jones was arrested that evening. Though he was charged with four separate counts relating to the three incidents, his case had one docket number and one disposition. The Madison County, Tennessee, Circuit Court sentenced Jones to eight years, served concurrently, for all four counts. He was paroled from that sentence October 28, 2002.

On November 5, 2004, Jones was arrested for being a felon in possession of a firearm under 18 U.S.C. § 922(g). He entered a plea of guilty on January 7, 2005.

The Court sentenced Jones on April 29, 2005. In calculating the appropriate penalty, the District Judge applied the ACCA, 18 U.S.C. § 924(e). Under that statute, if an offender has three prior convictions for any combination of violent felonies or serious drug offenses, he must receive a minimum term of incarceration of 180 months for possession of a firearm by a convicted felon. *Id.*

At the sentencing hearing, Jones argued the Court should treat the events of his prior crimes as only one conviction. He suggested that because Madison County used a single docket number for his case and adjudicated his case under one disposition, his crimes amount to a "single episode." Relying on established Sixth Circuit standards for analyzing criminal conduct under the ACCA, the Judge rejected Jones's arguments. In making that ruling, the Judge looked to the pre-sentence report. Jones did not specifically object to his use of that document.

# II. DISCUSSION

Jones raises two objections on appeal. He contends: 1) a jury, not the judge, should have determined the factual question of whether Jones's criminal history constituted one conviction or three under the ACCA; and 2) even if the judge had the authority to resolve the issue, he relied on improper materials in doing so - specifically, the pre-sentence report.

## A. A Judge May Properly Determine Whether the ACCA Applies

Generally, any fact that increases the maximum penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. *Hill*, 440 F.3d at 298 (citing *United States v. Booker*, 543 U.S. 220, 244 (2005); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Nevertheless, exceptions exist to that rule, and the fact of Jones's prior convictions need not be submitted to a jury. *Hill*, at 298; *see generally Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Jones, however, contends that the nature of his prior convictions, whether they amount to one criminal episode or three, must be submitted to the jury. The Sixth Circuit specifically rejected that argument in *United States v. Barnett*, 398 F.3d 516, 524-25 (6th Cir. 2005). Consequently, any objection to the sentence on these grounds is not well taken.

## B. The Pre-Sentence Report

Jones also argues that the District Judge improperly relied on the pre-sentence report in determining his prior offenses amounted to three criminal convictions, rather than one, under the ACCA.

While the Court, rather than the jury, may determine whether the ACCA applies, it may rely only on certain information in doing so. *Shepard v. United States*, — U.S. —; 125 S.Ct. 1254, 1257 (2005). In *Shepard*, the Supreme Court held that in determining whether a prior offense was a qualifying predicate offense for ACCA purposes, the sentencing court could look only to "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* In applying *Shepard*, the Sixth Circuit has specifically noted that the pre-sentence report is not among the permissible sources of factual information. *United States v. Sanders*, 404 F.3d 980, 989 (6th Cir. 2005) (rejecting reliance on pre-sentence report to determine if prior offenses were statutory predicates under the ACCA).

Neither the Supreme Court nor the Sixth Circuit has yet addressed the question of whether the restrictions outlined in *Shepard* apply to a sentencing court's finding (in addition to its determination that a prior offense is an ACCA statutory predicate) that prior offenses constitute single or multiple criminal episodes. Other circuits have, however, applied *Shepard* to this issue. *United States v. Taylor*, 413 F.3d 1146, 1157 (10th Cir. 2005) (reversing and remanding for new sentence where District Court relied on pre-sentence report to determine prior offenses constituted multiple convictions under the ACCA); *United States v. Ngo*, 406 F.3d 839, 842 (7th Cir. 2005) (District Court may rely only on "those findings traceable to a prior judicial record of conclusive significance" to determine whether prior convictions are related to one another).

Here, the District Judge had available at the time of sentencing complaint documents filed in the Tennessee state court proceedings. An affidavit of complaint is a type of record that a district court can properly rely on in determining the nature of predicate offenses, consistent with the standards of *Shepard*. *United States v. Kappell*, 418 F.3d 550, 560 (6th Cir. 2005). Complaints are judicial documents, filed under oath and submitted in furtherance of formal prosecution. They bear, accordingly, substantially greater indicia of reliability than mere police reports, which are not filed in court, are not sworn to, and are developed for an investigatory purpose.

The relevant complaint documents were filed for each incident that were part of the robbery spree. Complaint 98M.3337 charges two counts of aggravated robbery and identifies two victims near their residence at 68B Westwood Gardens; it preceded formal indictment on a count of aggravated robbery for the first victim and a count of attempted aggravated robbery for the second. Complaint 98M.3339 charges a single count of aggravated robbery and identifies a single victim emerging from her car at 631 Old Humboldt Road, corresponding to count four of the indictment. The third affidavit of complaint, 98M.3340, charges a single count of aggravated robbery and alleges a single victim emerging from her car at 732 Walker Rd., corresponding to count three of the indictment. All three complaints involved use of a gun in the course of the robberies or attempted robbery.

Those complaints allege separate victims and separate locations, even though all of the robberies took place within two hours. They amply support the District Judge's determination that the incidents constituted distinct and separate offenses. Further, they provided a reasonable basis for the court's determination that the defendant had three prior convictions for a "violent felony." 18 U.S.C. § 924(e)(2)(B). The district court's determination, accordingly, was not based on improper evidence and Jones' objection to his sentence is without merit. That sentence, therefore, is **AFFIRMED**.