*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0413p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

HENRY G. MCGRATTAN,

        *Defendant-Appellant.*

No. 06-3043

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 05-00307—Dan A. Polster, District Judge.

Argued: April 20, 2007

Decided and Filed: October 10, 2007

Before: DAUGHTREY and GIBBONS, Circuit Judges; SCHWARZER,[*] District Judge.

_____

## COUNSEL

**ARGUED:** Vanessa F. Malone, FEDERAL PUBLIC DEFENDER'S OFFICE, Cleveland, Ohio, for Appellant. Michael L. Collyer, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee. **ON BRIEF:** Vanessa F. Malone, Dennis G. Terez, FEDERAL PUBLIC DEFENDER'S OFFICE, Cleveland, Ohio, for Appellant. Michael L. Collyer, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

    SCHWARZER, D. J., delivered the opinion of the court, in which GIBBONS, J., joined. DAUGHTREY, J. (p. 9), delivered a separate opinion concurring in part and dissenting in part.

_____

## OPINION

_____

    WILLIAM W SCHWARZER, District Judge. Henry G. McGrattan appeals his twenty-year sentence for (1) using a computer connected to the internet to persuade a minor to engage in illegal sexual activity, and (2) knowingly receiving and distributing child pornography. The district court concluded that based on a prior Ohio state offense, a higher fifteen-year mandatory minimum sentence applied to the first count. Because the Ohio offense does not categorically qualify as a prior offense under federal law, and because the government has not provided sufficient

---

[*] The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

documentation of McGrattan's actual conduct in that offense, we vacate his sentence and remand for resentencing consistent with this opinion.

## BACKGROUND

On February 22, 2001, Henry G. McGrattan pled guilty to a misdemeanor attempted violation of Ohio Rev. Code section 2907.323(A)(3). According to the 1999 warrant affidavit of an FBI agent, McGrattan had sent several explicit photographs of underage boys and girls to an undercover Illinois detective.

As detailed in an affidavit of complaint, from March through June of 2005, McGrattan sent pictures to and attempted to meet with an FBI agent posing as a twelve-year-old girl on the America Online internet service. On June 29, 2005, McGrattan was indicted on one count of violation of 18 U.S.C. § 2422(b) for using a computer connected to the internet to persuade a minor to engage in illegal sexual activity and one count of violation of 18 U.S.C. § 2252A(a)(2) for knowingly receiving and distributing child pornography. On July 19, 2005, McGrattan pled not guilty on both counts. On September 28, 2005, he changed his plea to guilty on both counts.

The district court found that McGrattan's Ohio conviction qualified as a prior conviction under 18 U.S.C. § 2252A(b)(1), raising the mandatory minimum for the child pornography offense from five to fifteen years. The district court also verbally explained the Guidelines calculations for both counts, resulting in a range of 262 to 327 months. The court acknowledged that McGrattan had raised and preserved several objections to the Guidelines calculations, but decided that because Count 1 carried a 5-year mandatory minimum and Count 2 carried a 15-year mandatory minimum (with a prior conviction), and it was sentencing McGrattan to the mandatory minimum of 240 months, it need not address those objections.

On December 21, 2005, the district court sentenced McGrattan to 20 years' imprisonment, 5 years' supervised release, and a mandatory $200 assessment. McGrattan timely appealed.

## DISCUSSION

## I. APPLICATION OF THE CATEGORICAL APPROACH

McGrattan's primary contention is that the district court erred by finding that his conviction under Ohio Rev. Code section 2907.323(A)(3) qualified as a prior conviction for the purposes of 18 U.S.C. § 2252A(b)(1). He argues that the statutory elements of his prior misdemeanor conviction under section 2907.323 do not sufficiently overlap with 18 U.S.C. § 2256(8) (defining "child pornography") to result in a predicate child pornography offense under section 2252A(b)(1) in all instances.

We review de novo the district court's legal conclusion that a prior conviction is a qualifying offense. *See, e.g.*, *United States v. Armstead*, 467 F.3d 943, 946 (6th Cir. 2006) (reviewing conclusion that prior conviction was a "crime of violence" under the Sentencing Guidelines).

> 18 U.S.C. § 2252A(b)(1) provides that a violator of 18 U.S.C. § 2252A(a)(2) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but, if such person has a prior conviction under . . . the laws of any State relating to . . . the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, . . . such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years.

> 18 U.S.C. § 2252A(b)(1). 18 U.S.C. § 2256 defines "child pornography" as any visual depiction, including any photograph, film, video, picture, or computer or

> computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--
>
> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; . . .

Finally, "sexually explicit conduct" is defined as "(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse;  or (v) lascivious exhibition of the genitals or pubic area of any person; . . ."  18 U.S.C. § 2256(2)(A).

The Ohio statute under which McGrattan was convicted makes it illegal to "[p]ossess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity."  Ohio Rev. Code section 2907.323(A)(3).  The scope of this statute was narrowed in 1990 when the United States Supreme Court adopted the Ohio Supreme Court's interpretation limiting section 2907.323(A)(3) to cover only "the possession or viewing of material or performance of a minor who is in a state of nudity, *where such nudity constitutes a lewd exhibition or involves a graphic focus on the genitals*, and where the person depicted is neither the child nor the ward of the person charged."  *Osborne v. Ohio*, 495 U.S. 103, 113 (1990) (quoting *State v. Young*, 525 N.E.2d 1363, 1368 (1988)) (emphasis added).

Thus, the question is whether McGrattan's Ohio conviction qualifies as "a conviction . . . under the laws of a State relating to . . . the . . . possession, receipt, . . . [or] distribution . . . of any visual depiction . . . [which] involves the use of a minor engaging in . . . lascivious exhibition of the genitals or pubic area of any person" under 18 U.S.C. § 2252A(b)(1).

The government's principal argument is that the state conviction qualifies as a predicate offense because it relates to the same conduct–child pornography–prohibited by section 2252A(b)(1).  We look first to the Supreme Court's explication of the general principles governing the application of enhancements based on state convictions.

In *Taylor v. United States*, 495 U.S. 575 (1990), the Court held, in the context of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e),  that sentencing enhancements  based on a prior jury conviction, "generally require[] the trial court to look only to the fact of conviction and the statutory definition of the prior offense" in determining if that offense is a qualifying prior conviction.  *Id.* at 602; *see also United States v. Arnold*, 58 F.3d 1117, 1121 (6th Cir. 1995) (applying *Taylor* to the Sentencing Guidelines).  *Taylor* allows the court additionally to consider "the indictment or information and jury instructions" when they "show that the defendant was charged only with" qualifying conduct.  *Taylor*, 495 U.S. at 602.

 In *Shepard v. United States*, 544 U.S. 13 (2005), the Supreme Court further clarified what types of documents a sentencing court may look to when the prior conviction was the subject of a plea rather than a jury trial.  There, the Court held that police reports could not be used, and that a judge's investigations into the conduct underlying prior pleas are "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  *Id.* at 16.  The Court limited the evidence the court may consider because of concerns that allowing a judge to resolve a "disputed finding of fact" based on a prior plea would present a "serious risk[] of unconstitutionality" by raising the sentencing ceiling without the constitutionally-mandated jury finding.  *Id.* at 25-26.

The government cites cases from four circuits to support its argument that *Taylor* and *Shepard* do not apply to the enhancement provision in 18 U.S.C. § 2252A.  In  *United States v. Rezin*, 322 F.3d 443 (7th Cir. 2003),  the Seventh Circuit rejected an argument that a prior conviction

for third degree sexual assault against two minors in violation of a Wisconsin statute failed to qualify as enhancement under 18 U.S.C. § 2252(b)(2), which is materially indistinguishable from the statute at issue here. *Id.* at 449. The court discussed at length the policy implications that made the conduct that gave rise to the prior conviction rather than the elements of the underlying offense important. *Id.* at 448. Although *Rezin* departs from the later-decided *Shepard* in suggesting that facts which are "uncontested or uncontestable" can be used even if not presented in documents allowed by *Taylor* or *Shepard*, *Rezin,* 322 F.3d at 449, in view of the constitutional underpinning of *Shepard*, we are not persuaded that we should depart from its holding. Further, the *Rezin* court's assumption that the sentencing court should "look first to the charging document (the indictment or information) and to the judgment, read in light of the statute under which the defendant was convicted" is consistent with both *Taylor* and *Shepard*. *Rezin*, 322 F.3d at 449. In *United States v. Trogdon*, 339 F.3d 620 (8th Cir. 2003), also cited by the government, the court, following *Rezin*, first held that the victim's age was not an element of the statute of prior conviction required to qualify categorically under section 2252A(b)(1). *Id.* at 621. The court then went on to examine the underlying facts to determine whether the victim was a minor. *Id.* However, the only evidence the court considered was the amended state court information, *id.* at 621, which *Taylor* explicitly allows, *Taylor,* 495 U.S. at 602. We find nothing in *Rezin* or *Trogdon* to justify departing from the categorical approach under *Taylor* and *Shepard*.

In *United States v. McCutchen*, 419 F.3d 1122 (10th Cir. 2005), the Tenth Circuit rejected "the narrow categorical approach to application of section 2253(b)(2)." *Id.* at 1127. It distinguished the application of the enhancement under section 924(e) from that under section 2252(b)(2) on the basis of the "relating to" language present in the latter. *Id.* But it then proceeded to analyze the issue in terms of Sixth Amendment rights concluding that "a district court does not violate a defendant's constitutional rights by looking beyond the statute of conviction, so long as the district court limits itself to the documents outlined in *Shepard*." *Id.* at 1128. The government's fourth case, *United States v. Harding*, 172 Fed. Appx. 910 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 88 (2006), followed *McCutchen* in holding that *Shepard* applies to cases under section 2252(b)(2). *Id.* at 912.

We do not believe that the cases the government offers make a persuasive argument for abandoning the *Taylor-Shepard* analytical framework in cases arising under section 2252A(b)(1). The underlying concern is the protection of the defendant's jury trial right under the Sixth and Fourteenth Amendments. *Shepard*, 544 U.S. at 1262. The difference in the statutory language of section 924(e) and section 2252A(b)(1) is immaterial in the constitutional context. We therefore begin our analysis of this section 2252(b)(1) case by examining whether the statute of conviction falls within the four corners of the federal statute. If that process is not conclusive, we will examine available documents permissible under *Shepard* and *Taylor*.

Because nothing in the Ohio statute requires actual sexual activity, the only way in which it will categorically fall within the federal "child pornography" definition is if crimes under that statute must involve "lascivious exhibition of the genitals or pubic area of any person." The narrowed Ohio statute covers "nudity [which] constitutes a lewd exhibition or involves a graphic focus on the genitals." *Osborne*, 495 U.S. at 113 (quoting *State v. Young*, 525 N.E.2d 1363, 136 (1988)).[1] McGrattan argues not that a "graphic focus on the genitals" would not qualify as a "lascivious exhibition of the genitals," but rather that all "lewd exhibitions" of nudity need not

---

[1]McGrattan asserts that the Ohio statute's language requires only "nudity," which is much broader than the statutory definition of "child pornography" under federal law. This, however, ignores the narrowing of the Ohio statute in *Osborne*. McGrattan has given no reason why this panel should ignore the construction of the statute which had been used by Ohio courts for almost ten years before McGrattan's Ohio crime, or why the "statutory definition" in *Taylor* and "the laws of any State relating to" in 18 U.S.C. § 2252A(b)(1) only refer to the uninterpreted statutory text, and so we apply the narrowed language under *Osborne* in our analysis. *See James v. United States*, 127 S. Ct. 1586, 1594 (2007) (performing a *Taylor* analysis on a Florida state law as narrowed by the Florida Supreme Court).

necessarily involve an "exhibition of the genitals or pubic area." For example, video depicting certain exhibitions of nude breasts or buttocks might be lewd, and therefore fall within the Ohio statute without meeting the federal requirement of exhibiting the genitals or pubic area.[2]

Ohio law is not clear on exactly how section 2907.323(A)(3) should be interpreted. If the statute is read by ignoring the disjunctive "or," it will only cover lewd exhibitions of the genitals, and therefore will fall entirely within the federal definition of child pornography. In fact, the United States Supreme Court in *Osborne* indicated that it believed that "[t]he context of the opinion [below] indicates that the Ohio Supreme Court believed that 'the term "nudity" . . . refers to a lewd exhibition of the genitals.'" *Osborne*, 495 U.S. at 114 n.11. This formulation, however, is neither textually persuasive nor legally binding. First, the Court recognized that the distinction is not "constitutionally significant," and constitutionality was the only question before the Court. *Id.* Second, it is not the United States Supreme Court, but the Ohio Supreme Court whose interpretation of Ohio law is authoritative. Third, the dissent in *Osborne* made it clear why, as a linguistic matter, reading "lewd exhibition" to modify "of the genitals" is incorrect. *Id.* at 129 n.4 (Brennan, J., dissenting). And finally, no Ohio state court decision has held this construction to be binding, while several cases appear to assume it is not.

In *State v. Kerrigan*, 860 N.E.2d 816 (Ohio Ct. App. 2006), the Ohio Court of Appeals discussed this issue. However, while the dissent argued that the majority incorrectly adopted the "lewd exhibition of the genitals" interpretation, *id.* at ¶¶ 73-34 (Donovan, J., dissenting), it appears that the majority did not actually do so, and adopted the *Osborne* opinion's reasoning only to the extent that it held that "it is the character of the material or performance, not the purpose of the person possessing or viewing it, that determines whether it involves a lewd exhibition or a graphic focus on the genitals." *Id.* at ¶ 22.

Several Ohio state cases have addressed a related, but distinct question: whether a depiction which constitutes a graphic focus on the genitals must be lewd in order to qualify under section 2907.323(A)(3). In *State v. Walker*, 730 N.E.2d 419 (Ohio Ct. App. 1999), the court held that because lewdness was a necessary element under section 2907.323(A)(3), a graphic focus on the genitals was not sufficient to sustain a conviction if that focus was not lewd in nature. *Id.* at 422. However, when the Ohio Court of Appeals analyzed the same question in *State v. McCown*, 2006 WL 3320344 (Ohio Ct. App. 2006), it pointed out that the syllabus in *Young*, which it held to be binding precedent, used the disjunctive form, and accepted that all convictions under section 2907.323(A)(3) required lewdness only "for purposes of discussion." *Id.* at ¶ 36. Additionally, we note that even if lewdness is required, it does not necessarily follow that a lewd exhibition must also focus on the genitals: grammatically, while "lewd exhibition" and "lewd focus on the genitals" are valid, "lewd exhibition on the genitals" is not.

Even if the Ohio statute is read so that "lewd exhibition" does not require depiction of the genitals, it does not end the inquiry. In *James v. United States*, the United States Supreme Court clarified the *Taylor* categorical approach in the context of violent felonies:

> We do not view that approach as requiring that every conceivable factual offense covered by a statute must necessarily present a serious potential risk of injury before the offense can be deemed a violent felony. Rather, the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another.

---

[2]The government does not argue that the federal requirement of exhibiting the "genitals or pubic area" should be read broadly to include other forms of nudity, and such a reading is precluded by the plain language of the statute. *See, e.g.*, *United States v. Gleich*, 397 F.3d 608, 614 (8th Cir. 2005) (holding that an exhibition of buttocks did not meet the definition of "child pornography" in 18 U.S.C. § 2256(2)(A)).

*James v. United States*, 127 S. Ct. 1586, 1597 (2007). In a case addressing whether a California statute fell within the ambit of "generic theft" under general law, the Court held that

> to find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.

*Gonzales v. Duenas-Alvarez*, 127 S. Ct. 815, 822 (2007). Therefore, even if the Ohio statute is read to prohibit all lewd exhibitions of nudity involving minors, we must determine if there is a "realistic probability" that the statute would be applied to someone who possessed depictions of nudity which were lewd, but which did not involve the genitals. We find that such a realistic probability exists.

> First, under Ohio law, "nudity" is defined as the showing, representation, or depiction of human male or female genitals, pubic area, or buttocks with less than a full, opaque covering, or of a female breast with less than a full, opaque covering of any portion thereof below the top of the nipple, or of covered male genitals in a discernibly turgid state.

Ohio Rev. Code section 2907.01(H). Under that definition, "nudity" clearly covers representations which include the breast or buttocks, but which do not focus on or even include the genitals or pubic area.

While we are not aware of any cases in which the Ohio Supreme Court has explicitly addressed a situation involving a "lewd exhibition" which did not involve the genitals or pubic area of any person or where Ohio has prosecuted someone *entirely* on the basis of such materials, the analysis of section 2907.323(A)(3) performed by several other Ohio courts makes it clear that such a possibility is contemplated by the law.

In *State v. Powell*, the Ohio Court of Appeals upheld a conviction under section 2907.323(A)(1), which uses language identical to section 2907.323(A)(3), based on the taking of photographs which depicted a lewd exhibition of nudity consisting only of exposed buttocks. *State v. Powell*, No. 99-CR-631, 2000 WL 1838716, *14 (Ohio Ct. App. 2000). Notably, *Powell* also paraphrases the *Osborne* test as "lewd exhibition of nudity or a graphic focus on the genitals," producing a less ambiguous definition which clearly separates "lewd exhibition of nudity" from "graphic focus on the genitals." *Id.* at *13.

In *State v. Stoner*, 2003-Ohio-5745, 2003 WL 22429530 (Ohio Ct. App. 2003), the same court upheld a conviction based on a "lewd exhibition of nudity." *Id.* at ¶ 43. Although the videotapes and photographs in question did contain images of the pubic areas of the victims, the court specifically separated the "lewd exhibition of nudity" from "graphic focus on the genitals," and analyzed the materials in question under the "lewd exhibition of nudity" language, indicating that meeting that definition is sufficient to support a conviction. *Id.* at ¶¶ 36, 43. Finally, in *State v. Woods*, the court upheld a conviction based on photographs depicting a 16-year-old female's "naked breasts and bikini line with visible pubic hair," holding that a rational trier of fact could have found the photographs lewd. *State v. Woods*, 2005-Ohio-2681, 2005 WL 1283711, at ¶ 18 (Ohio Ct. App. 2005), *not accepted for review*, 835 N.E.2d 728.

It does not matter what precedential weight Ohio state courts give these decisions.[3] In the absence of binding Ohio precedent indicating that section 2907.323(A)(3) does *not* apply in such situations, these cases show that there is a "realistic probability" that someone could be prosecuted and a conviction upheld for conduct which falls outside the definition under federal law.[4] As a review of Ohio state cases indicates that convictions based on lewd exhibitions of nudity that do not involve an "exhibition of the genitals or pubic area of any person" are not mere "theoretical possibilities," we conclude that Ohio Rev. Code section 2907.323(A)(3) does not categorically fall within the definition of a prior offense under 18 U.S.C. § 2252A(b)(1).

## II. USE OF THE WARRANT AFFIDAVIT

Because McGrattan's prior conviction is not based on a statute whose elements fall within the federal definition of child pornography, we must next determine whether the conduct upon which that conviction was based, as shown by documents allowable under *Shepard*, falls within that definition. The government's argument is that the conduct underlying McGrattan's Ohio conviction is the exact same scenario underlying the conviction in the instant case: McGratttan conversed with a purported minor over the internet and sent the minor images of child pornography. It cites an affidavit of an FBI agent supporting a 1999 warrant to search McGrattan's home and seize his computer and related equipment, asserting that there is probable cause to believe that there is evidence of a violation of section 2252. The government argues that the warrant affidavit is admissible as "a reliable government record like an affidavit of complaint." It cites our decision in *United States v. Jones*, 453 F.3d 777 (6th Cir. 2006), *cert. denied*, 127 S. Ct. 611 (2006), holding that

> [a]n affidavit of complaint is a type of record that a district court can properly rely on in determining the nature of predicate offenses, consistent with the standards of *Shepard*. Complaints are judicial documents, filed under oath and submitted in furtherance of formal prosecution. They bear, accordingly, substantially greater indicia of reliability than mere police reports, which are not filed in court, are not sworn to, and are developed for an investigatory purpose.

*Id.* at 780. Shepard explicitly allowed "the terms of the charging document" to be considered in making the determination under *Taylor*. A warrant affidavit does not fill the bill. It is more akin to the police report or complaint applications ruled inadmissable in *Shepard* because it is not "in furtherance of formal prosecution" and thus does not determine whether an earlier plea or conviction was for a generic offense. *Id.* at 780. Because it was intended only to establish probable cause for the search, it does not necessarily describe the conduct for which McGrattan was convicted. In this case, as in *Shepard*, the record is silent on the generic element, there being no plea agreement, plea colloquy or comparable judicial record. *See Shepard*, 544 U.S. at 26.

Accordingly, the warrant affidavit is not admissible to establish McGrattan's conduct for the purpose of determining whether his prior conviction falls within the scope of 18 U.S.C. § 2252A(b)(1). Because no other documentation of McGrattan's actual conduct of conviction was

---

[3]As of May 1, 2002, Ohio abolished the distinction between published and unpublished opinions for purposes of precedent. Ohio R. Ct., R. Reporting Opinions 4.

[4]The dissent suggests that we send this case to the Ohio Supreme Court with a certified question asking whether section 2907.323(A)(3) applies only to "a lewd exhibition *of* the genitals." While a clear answer to this question would assist prosecutors and judges in both the state and federal courts in future cases, it would not assist us in deciding this one. The question we must answer is whether there is a reasonable probability that the statute would have been applied to McGrattan in 2001, and as a result McGrattan's conduct which gave rise to that conviction could have fallen outside the scope of the federal statute. Given the ambiguity in the narrowed statutory language and the holdings of Ohio state cases discussed above, we have answered that question in the affirmative.

submitted to the court, his Ohio conviction cannot be a predicate offense under 18 U.S.C. § 2252A(b)(1). Should other documentation be provided at resentencing, the district court will need to decide whether its use is permissible under *Shepard*.

## III. CONCLUSION

In addition to the above arguments, McGrattan contends that the district court's decision to sentence him to consecutive rather than concurrent terms was unreasonable, that the mandatory minimums were constitutionally unreasonable, and that there were several errors in the United States Sentencing Guidelines calculations.[5] As we are reversing on other grounds, we will not address these questions. For the reasons stated, McGrattan's sentence is **VACATED** and the case is **REMANDED** for resentencing consistent with this opinion.

---

[5]Because the district court did not use the Sentencing Guidelines calculations, McGrattan may argue his objections at resentencing.

---

**CONCURRING IN PART, DISSENTING IN PART**

---

MARTHA CRAIG DAUGHTREY, Circuit Judge, concurring in part and dissenting in part. Because, as the majority opinion makes clear, the Ohio Supreme Court's interpretation of Ohio Revised Code section 2907.323(A)(3) has proven to be linguistically difficult at least and thoroughly ambiguous at most, I would send this case to that court with the following certified question:

> Was the United States Supreme Court, in its opinion in *Osborne v. Ohio*, correct in assuming that "[t]he context of the opinion [below] indicates that the Ohio Supreme Court believed that 'the term "nudity" as used in R[evised] C[ode] 2907.323(A)(3) refers to a lewd exhibition *of* the genitals'"? *Osborne*, 495 U.S. 103, 114 n.11 (1990) (citing *State v. Young*, 525 N.E.2d 1363, 1373 (Ohio 1988) (emphasis added).

The Ohio Supreme Court has never clarified this ambiguity, and the Ohio Courts of Appeals have rendered inconsistent opinions on the question. *Compare, e.g.*, *State v. Walker*, 730 N.E.2d 419, 422 (Ohio App. 1999) (quoting *Osborne* and citing *Young* for the proposition that the Ohio statute refers to a "lewd exhibition of the genitals") *with State v. Kerrigan*, 860 N.E.2d 816, 825-26 (Ohio App. 2006) (appeal from a conviction under section 2907.323(A)(3) in which "lewd exhibition" is interpreted as a separate offense from a "graphic exhibition of the genitals"). Clarity on this issue would then permit us to determine with some assurance whether or not the appellant's conviction under Ohio Revised Code section 2907.323(A)(3) qualifies as a prior conviction under 18 U.S.C. § 2252A(b)(1).