**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0362n.06

**No. 07-4506**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**May 22, 2009**

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellant.** | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| CHARLES COLE, JR., | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellee.** | ) | |

BEFORE:  KENNEDY, NORRIS, and COLE, Circuit Judges.


  **ALAN E. NORRIS, Circuit Judge.**  Defendant Charles Cole, Jr., pleaded guilty to three

counts: transportation of visual depictions of minors, 18 U.S.C. § 2252(a)(1); transportation of child

pornography, 18 U.S.C. § 2252A(a)(1); and possession of child pornography, 18 U.S.C. §

2252A(a)(5)(B).  These statutes each include a  provision calling for a sentencing enhancement if

the defendant has been previously convicted of a state crime "relating to" enumerated sex crimes

involving minors.  18 U.S.C. § 2252(b)(1); 18 U.S.C. § 2252A(b).  In 1999, defendant was convicted

of "possession of matter portraying a sexual performance by a minor" in violation of Kentucky law.

Ky. Rev. Stat. § 531.335.  While the government took the position below that this prior conviction

required enhancement of defendant's sentence, the district court declined to do so.  The government

now appeals.

**I.**

On October 8, 2006, the local police responded to a phone call from a gas station in Mentor, Ohio. One of the station attendants had reported that a suspicious vehicle was in the parking lot and had been there for approximately two hours, its engine running the entire time. When the police responded, the officers identified defendant as the driver of the vehicle and learned that he had an outstanding Massachusetts warrant for distribution of obscene material. The officers arrested defendant and searched his vehicle incident to the arrest, ultimately discovering a laptop computer and hundreds of compact disks, among other things.

While being interviewed later by officers of the local police department, defendant said some of the digital media seized from his vehicle contained images of adult males engaging in sexual activity with infants. He also said he had received the child pornography, both images and videos, from a friend who lived in Massachusetts. At that point, the officers obtained a search warrant for the digital media discovered in defendant's vehicle. The search produced thousands of image files and hundreds of video files, many of which contained depictions of minors engaged in various sexual activities.

On April 11, 2007, a federal grand jury returned a three-count indictment charging defendant with the three counts mentioned earlier. Defendant entered into a plea agreement on all counts and sentenced defendant to 120 months of incarceration on each count, to run concurrently and to be followed by ten years of supervised release.

**II.**

The sole issue on appeal is whether the district court erred when it declined to enhance defendant's sentence based upon his prior Kentucky conviction. We review that determination *de novo*. *United States v. McGrattan*, 504 F.3d 608, 610 (6th Cir. 2007).

As the government conceded below and reiterated during oral argument to this court, *McGrattan* controls the resolution of this appeal. Following *McGrattan*, the district court applied the modified categorical approach outlined in *Shepard v. United States*, 544 U.S. 13 (2005), in an effort to determine whether defendant's Kentucky conviction was sufficiently similar to his federal crimes to trigger a sentencing enhancement. *Shepard* permits sentencing courts to go beyond simply looking to the "fact of conviction and the statutory definition of the prior offense," *Taylor v. United States*, 495 U.S. 575, 602 (1990), and also consider "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26. When making a *Shepard* analysis sentencing courts may not consider documents such as police reports, recommendations prepared by a probation officer, or complaint applications, *United States v. Calloway*, 189 F. App'x 486, 490-91 (6th Cir. 2006). As the parties and the district court all have recognized, at the time of defendant's conviction in 1999, the Kentucky statute at issue, Ky. Rev. Stat. § 531.335,[1] was overbroad because it "facially

---

[1] The statute reads as follows:

> A person is guilty of possession of matter portraying a sexual performance by a minor when, having knowledge of its content, character, and that the sexual performance is by a minor, he or she knowingly has in his or her possession or control any matter which visually depicts an actual sexual performance by a minor person.

Ky. Rev. Stat. § 531.335(1). "Sexual performance" is defined in these terms:

criminalize[d] every instance in which a child is photographed while willfully and intentionally exhibiting his or her genitals" without requiring proof that "the exhibition of the genitals by the minor was volitional and in a lewd manner." *Purcell v. Commonwealth*, 149 S.W.3d 382, 390-93 (Ky. 2004).[2] By contrast, the federal statutes of conviction define "sexually explicit conduct" as "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v). Thus, before *Purcell* was decided, an individual could have violated Ky. Rev. Stat. § 531.335 even though the "performance" was not done in a "lewd manner." In defendant's case, we are precluded from considering anything about the specifics of his conviction beyond those items permitted under the modified categorical approach, none of which establishes that his conviction included the "lewd manner" element. As such, it cannot be used to enhance his sentence because it is not categorically equivalent to the federal statutes of conviction.

In light of *Purcell* and *McGrattan*, the government does not press this argument with any force. Instead, it asks us to adopt the more expansive reading of the "relating to" language taken by other circuits. *See, e.g., United States v. Sinerius*, 504 F.3d 737, 743 (9th Cir. 2007) (rather than trying to match the elements of the state and federal statutes, the offenses listed in the "relating to" provision should be given their ordinary and common meaning); *United States v. Hubbard*, 480 F.3d 341, 347 (5th Cir. 2007) ("We must assume that Congress chose the words 'relating to' [in §

---

"Sexual performance" means any performance or part thereof which includes sexual conduct by a minor. Ky. Rev. Stat. § 531.300(6).

[2] While *Purcell* concerned a related Kentucky statute, Ky. Rev. Stat. § 531.320, it applies equally to Ky. Rev. Stat. § 531.335.

2252A(b)(1)] for a purpose."); *United States v. Weis,* 487 F.3d 1148, 1152 (8th Cir. 2007)

(construing "relating to" broadly in § 2252); *United States v. McCutchen,* 419 F.3d 1122, 1127 (10th

Cir. 2005) (same)). According to the ninth circuit,

> [Section] 2252A does not simply mandate a sentencing enhancement for individuals convicted of state offenses *equivalent* to sexual abuse. Rather, it mandates the enhancement for any state offense that stands in some relation, bears upon, or is associated with that generic offense.

*Id.* at 743. While we readily concede that there is a surface appeal to the more expansive approaches

adopted by our sister circuits, *McGrattan* considered similar cases advanced by the government and

rejected them in favor of the *Shepard* analytical framework. 504 F.3d at 612. We are bound by prior

published opinions of this court. Sixth Cir. R. 206(c).

### III.

The judgment is **affirmed.**