**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4875**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

KENNETH GLENN HINSON,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:07-cr-00485-TLW-1)

Argued:  December 2, 2009           Decided:  February 2, 2010

Before NIEMEYER and AGEE, Circuit Judges, and John Preston
BAILEY, Chief United States District Judge for the Northern
District of West Virginia, sitting by designation.

Vacated and remanded for resentencing by unpublished opinion.
Judge Bailey wrote the opinion, in which Judge Niemeyer and
Judge Agee joined.

**ARGUED:** Michael Williams Chesser, Aiken, South Carolina, for
Appellant.   Rose Mary Sheppard Parham, OFFICE OF THE UNITED
STATES ATTORNEY, Florence, South Carolina, for Appellee.  **ON
BRIEF:** W. Walter Wilkins, United States Attorney, Columbia,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

BAILEY, Chief District Judge:

The issue presented by this appeal is whether the defendant's 1989 South Carolina conviction for trafficking in cocaine may be used in determining that the defendant is an Armed Career Criminal for purposes of 18 U.S.C. § 924(e). We determine that the conviction may not be used to enhance the defendant's sentence and, therefore, remand this case for resentencing.

I.

On March 17, 2006, Kenneth Glenn Hinson (Hinson) was arrested in Darlington County, South Carolina, on outstanding state arrest warrants. At the time of his arrest, officers found a Hi-Point 9 millimeter semi-automatic pistol tucked into his waistband at the small of his back. Hinson was subsequently indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). On November 8, 2007, a federal jury convicted Hinson of felon in possession of a firearm and ammunition after a one day trial.

Prior to sentencing, the United States Probation Office determined that Hinson was an Armed Career Criminal for purposes of § 924(e). As an Armed Career Criminal, the possible sentence was increased from a maximum of ten (10) years, to a minimum of

2

fifteen (15) years and a maximum of life, with a guideline range of 262 to 327 months. The three convictions found by the sentencing court to be qualifying predicate offenses are as follows: (1) 1983 Aggravated Assault and Battery; (2) 1989 Trafficking in Cocaine; and (3) 1991 Second Degree Criminal Sexual Conduct.

Hinson admits that two of the three convictions qualify as predicate offenses under 18 U.S.C. § 924(e) (Armed Career Criminal Act or ACCA). The predicate conviction to which Hinson objects, and which forms the basis of this appeal, is his 1989 trafficking conviction. Hinson objected to the inclusion of the conviction as a predicate offense before the district court, but the Court overruled the objection, finding that United States v. Brandon, 247 F.3d 186 (4th Cir. 2001) did not apply to Hinson's South Carolina trafficking conviction; and, in the alternative, the search warrant return from Hinson's trafficking case was a comparable judicial record that could be considered under Shepard v. United States, 544 U.S. 13 (2005).[1] The sentencing

---

[1] The search warrant return included the following: nine five-dollar bills, forty-nine one-hundred dollar bills, eight ten-dollar bills, fifty-eight twenty-dollar bills, fifty-two one-dollar bills, three small plastic bags containing a large quantity of white powder, a brown medicine bottle containing four plastic bags with white powder, one pack of rolling papers, one cellophane bag containing a green leafy substance, one Uniden radar detector, one wallet containing various identification cards, one razor blade, one H & R 22 caliber
(Continued)

court overruled the remainder of defendant's objections and sentenced defendant to 300 months imprisonment, five (5) years of supervised release, and a $100.00 special assessment.

II.

This Court reviews *de novo* whether a previous conviction qualifies as a predicate offense under the Armed Career Criminal Act. United States v. Harcum, 587 F.3d 219, 222 (4th Cir. 2009). "The Government bears the burden of proving an ACCA predicate offense by a preponderance of the evidence." Id.

"The ACCA mandates a minimum fifteen-year prison sentence for a person who is convicted of unlawful possession of a firearm, and who 'has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another.' 18 U.S.C. § 924(e)(1)." Id. The ACCA defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance ... for which a maximum term of

---

pistol model 922, North American .22 caliber ammunition, 22 bullets, one pack yellow twist ties, two boxes of plastic bags, two boxes of trash bags, strips of plastic bags and numerous white twist ties. J.A., pp. 185-186.

4

imprisonment of ten years or more is prescribed by law." 18 U.S.C.A. § 924(e)(2)(A)(ii).

"In assessing whether an offense constitutes an ACCA predicate offense, two types of analyses are potentially applicable - known as the 'categorical' approach and the 'modified categorical' approach." Id.

We must first utilize the categorical approach. Under that approach, we analyze the offense "generically - that is, by relying solely on its essential elements, rather than on the particular underlying facts." Id.; United States v. White, 571 F.3d 365, 368 (4th Cir. 2009) (citing James v. United States, 550 U.S. 192, 208 (2007)). Under the categorical approach, the sentencing court may look only to the fact of conviction and the statutory definition of the offense of conviction to determine whether the offense is a "serious drug offense" or a "violent felony." Id., citing Shepard v. United States, 544 U.S. 13, 17 (2005) and Taylor v. United States, 495 U.S. 575, 600-02 (1990).

"Although the Supreme Court has expressed its preference for the categorical approach, that approach does not always reveal the nature of the asserted predicate offense encountered by a sentencing court. Thus, pursuant to the Court's decisions in Shepard and Taylor, when the fact of conviction and the statutory definition of the offense are unduly vague or ambiguous, a sentencing court is entitled to turn to and apply

5

the alternative 'modified categorical' approach. See Shepard, 544 U.S. at 20, 26; Taylor, 495 U.S. at 602. In its 1990 Taylor decision, for example, the Supreme Court was unable, under the categorical approach, to determine whether Taylor's burglary offense qualified as a 'violent felony' under the ACCA, because the record did not reflect which specific state burglary statute was applicable, and not all of the state's burglary statutes involved criminal conduct that would qualify as an ACCA violent felony. See 495 U.S. at 578 n. 1, 602. Thus, the Court recognized that a sentencing court is entitled, in the proper circumstances, to go beyond the scope of the categorical approach and assess the underlying charging documents or jury instructions to ascertain whether the offense qualifies as an ACCA predicate offense. See id. at 602 (utilizing modified categorical approach for cases involving jury convictions); see also Shepard, 544 U.S. 13 (expanding modified categorical approach to situations involving plea agreements)." Harcum, supra at 223.

The statute under which Hinson was convicted in 1989 provides that "[a]ny person who knowingly sells, manufactures, delivers or brings into this State, or who provides financial assistance or otherwise aids, abets or conspires to sell, manufacture or deliver or bring into this State, or who is knowingly in actual or constructive possession of . . . ten

grams or more of cocaine or any mixtures containing cocaine . . . is guilty of a felony known as trafficking in cocaine . . .." S.C. Code § 44-53-370(e)(2).

This statute may be violated both by conduct that falls within the ACCA definition of "serious drug felony" and conduct that does not fall within the definition; thus, we turn to the indictment. United States v. Brandon, 247 F.3d 186 (4th Cir. 2001).

The indictment underlying the 1989 conviction charges that "Kenneth Hinson did in Darlington County on or about the 18th day of November, 1988 , unlawfully and knowingly possess a quantity of cocaine, to wit: more than (10) grams, such substance being a controlled substance in violation of section 44-53-370(E)(2) of the 1976 Code of Laws of South Carolina." J.A. 180.

Based upon the foregoing, it would appear that the 1989 conviction involved only possession, not possession with intent to distribute, and would not satisfy the requirements of a predicate sentence under the ACCA. See Brandon, supra at 189.

In Brandon, this Court went further to determine whether the prior conviction *involved* possession with intent to distribute, even if not a formal element of the crime under state law. The Brandon Court noted that "[i]n cases where enhancement under section 924(e) is hinged not on the elements

7

of the underlying crime but on whether the crime 'involves' particular conduct, courts follow the approach outlined in Taylor and ask whether the proscribed conduct is an inherent part or result of the generic crime of conviction, without regard to the facts surrounding the underlying conviction, or, stated somewhat differently, whether the abstract crime intrinsically involves the proscribed conduct." 247 F.3d at 191.

In Brandon, we held that intent to distribute is not inherent in the generic conduct of trafficking by possession where the amount of cocaine possessed was 28 grams. It follows, then, that intent to distribute is not inherent in the possession of 10 grams of cocaine.

The Government urges this Court to determine the character of the previous conviction by reference to the return of the search warrant.[2] Specifically, the Government argues that "[b]ecause the search warrant is a judicial record, it is admissible under Shepard." Response Brief at 16. Under the facts of this case, we disagree.

"When, as here, the underlying statute prohibits both qualifying and non-qualifying offenses, the sentencing court may 'determin[e] the character of' the prior offense by 'examining

---

[2] The Government concedes that no other documentation relating to the 1989 conviction can be located.

8

the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented,' United States v. Maroquin-Bran, 587 F.3d 214, 218 (4th Cir. 2009)(quoting Shepard, 544 U.S. at 16), or "some comparable judicial record of this information." Shepard, 544 U.S. at 26.

Consideration of the return of the search warrant is foreclosed by Shepard. In United States v. Harcum, 587 F.3d 219, 224 (4th Cir. 2009), we held that "the Supreme Court has barred a sentencing court from considering unreliable evidence, which includes materials that are outside the record of the court of conviction. See Shepard, 544 U.S. at 20-23 (barring sentencing court from considering police report and complaint application, which extended 'beyond conclusive records made or used in adjudicating guilt'). More specifically, in assessing whether the offense of conviction is a predicate offense under the ACCA, a sentencing court may, under the modified categorical approach, appropriately consider only 'the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.' Id. at 16."[3]

---

[3] Subsequent to the Court's Shepard decision, this Court approved a sentencing court's utilization, under the modified categorical approach, of certain "external documents" - beyond
(Continued)

9

A search warrant return is not a judicial record comparable to this narrow range of documents, which memorialize "the defendant's own admissions or accepted findings of fact confirming the factual basis for a valid plea." Id. at 25. Like the "warrant affidavit" considered by the Sixth Circuit in United States v. McGrattan, 504 F.3d 608 (6th Cir. 2007), a search warrant return is more "akin to the police report" deemed "inadmissible in Shepard" than it is to a "charging document," as the search return is not filed "in furtherance of formal prosecution and thus does not determine whether an earlier plea or conviction was for a [particular] offense." 504 F.3d at 616 (quotations omitted).

Hinson's sentence must be vacated and this case remanded to the District Court for resentencing consistent with this opinion.

VACATED AND REMANDED FOR RESENTENCING

---

the scope of otherwise permissible items - because they were "explicitly incorporated" into permissible documents. See United States v. Simms, 441 F.3d 313, 317 (4th Cir. 2006). There is no contention here that the return of search warrant was "explicitly incorporated" into a permissible document.

10