**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4713**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

KENNETH GLENN HINSON,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:07-cr-00485-TLW-1)

Submitted: July 27, 2011         Decided:  August 4, 2011

Before NIEMEYER, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael Chesser, Aiken, South Carolina, for Appellant.
William N. Nettles, United States Attorney, Robert F. Daley,
Jr., Assistant United States Attorney, Columbia, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Glenn Hinson was convicted of unlawful possession of a firearm by a convicted felon and sentenced to a term of 115 months' imprisonment.[*] Hinson appeals his sentence, arguing that the court erred in finding that he possessed the firearm in connection with another felony, U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) (2009), and abused its discretion in departing upward under USSG § 4A1.3, p.s. and varying upward pursuant to 18 U.S.C. § 3553(a) (2006). We affirm.

A sentence is reviewed for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). The court must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006)

---

[*] The district court initially sentenced Hinson as an armed career criminal to 300 months imprisonment. 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2011). In his first appeal, we held that he lacked the necessary predicate convictions for an armed career criminal sentence and remanded the case for resentencing. United States v. Hinson, 363 F. App'x 998 (4th Cir. 2010).

factors, or failing to explain the sentence adequately. <u>Gall</u>, 552 U.S. at 51. If the sentence is free of significant procedural error, the appellate court reviews the substantive reasonableness of the sentence. <u>Lynn</u>, 592 F.3d at 575.

Section 2K2.1(b)(6) provides for a four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6). "[T]he purpose of Section 2K2.1(b)(6) [is] to punish more severely a defendant who commits a separate felony offense that is rendered more dangerous by the presence of a firearm." <u>United States v. Jenkins</u>, 566 F.3d 160, 164 (4th Cir. 2009) (internal quotation marks omitted).

"'Another felony offense,' for purposes of subsection (b)(6), means any federal, state, or local offense[] . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1 cmt. n.14(C). A firearm is used or possessed "in connection with" another felony offense if it "facilitated, or had the potential of facilitating," the offense. <u>Id.</u> cmt. n.14(A); <u>see</u> <u>Jenkins</u>, 566 F.3d at 162-63. "[I]n the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, . . . application of [the four-level enhancement] is warranted because the presence of the firearm has the potential of facilitating another felony offense

3

. . . ." USSG § 2K2.1 cmt. n.14(B); see Jenkins, 566 F.3d at 163.

The district court determined that the enhancement was warranted because Hinson had testified under oath at his state trial on other charges that he was a drug dealer and that he fled his home because he thought law enforcement officers knew about four pounds of marijuana he had stored in his basement. In addition, the district court considered Hinson's post-arrest statement to law enforcement officers that he always had a gun with him. Based on the uncontested evidence before the court, we conclude that the district court did not clearly err in finding that Hinson was selling marijuana and that the firearm he possessed had the potential to facilitate that activity. Therefore, the district court properly applied the four-level enhancement under USSG § 2K2.1(b)(6).

Next, we review the district court's departure by considering "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). Under USSG § 4A1.3(a)(1), the district court may upwardly depart from the Guidelines sentence if the court determines that "the defendant's criminal history category substantially under-represents the seriousness of the

4

defendant's criminal history or the likelihood that the defendant will commit other crimes[.]" The court may consider prior sentences not used in computing the criminal history category. See USSG § 4A1.3(a)(2)(A).

The district court considered two sentences that were too old to be counted: one for aggravated assault and battery; and one for cocaine trafficking. Hinson points out that a prior sentence not counted in the defendant's criminal history because it is too old, i.e., outside the applicable time period set out in § 4A1.2, may be the basis for a departure only if the old conviction involved similar or serious dissimilar conduct. See USSG § 4A1.2 cmt. n.8. The district court specifically declined to find that the prior criminal conduct underlying the uncounted sentences was similar to Hinson's § 922(g)(1) conviction, but found that the offenses were "very serious."

Hinson argues that the prior offenses, aggravated assault and battery and cocaine trafficking, were not sufficiently serious to warrant a departure because the aggravated assault occurred at least twenty years before the instant offense and the cocaine trafficking offense involved only possession of eleven grams of cocaine. However, the age of the assault and battery does not lessen its seriousness; the presentence report states that Hinson struck another man with a car jack. Moreover, Hinson appears to understate the

seriousness of his cocaine trafficking offense. The record in this appeal does not disclose the exact quantity of cocaine involved in Hinson's cocaine trafficking offense but, from the available information, it appears that it was more than eleven grams. We conclude that the district court reasonably determined that both of Hinson's uncounted sentences were for serious criminal conduct and that criminal history category II significantly under-represented his criminal history and his risk of recidivism. Thus, the decision to depart was reasonable. Moreover, in departing, the district court followed the incremental approach set out in § 4A1.3(a)(4)(A), and the extent of the departure was reasonable.

After departing upward, the district court announced that it would also vary upward by two levels. Hinson maintains that the variance was both procedurally and substantively unreasonable because, in his view, the court relied again on the uncounted sentences which were the basis for the departure to justify a further increase in his sentence. Hinson mischaracterizes the court's reasons for the variance. The court noted Hinson's propensity to commit new crimes after incarceration, and to commit violent crimes, first against an adult, then against a child. The court also reviewed the § 3553(a) factors in light of the undisputed record and stated that an upward variance was necessary to reflect the seriousness

6

of the instant offense, promote respect for the law, provide adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. Alternatively, the court found that the testimony of the four witnesses who testified at sentencing that Hinson had sexually abused them when they were children had sufficient indicators of reliability to justify a two-level variance.

Thus, the court's first ground for a variance was not simply the fact of Hinson's prior uncounted offenses, but his failure to be deterred by prior incarcerations and the nature of his offenses. The court's second ground was credible evidence of a number of sexual crimes Hinson had committed, only one of which he had been convicted and punished for. We are satisfied that the court's variance was reasonable on either ground and the resulting sentence was procedurally and substantively reasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7